Henry Kroger and Others, Appellants, *v.* Hugo Jaburg, Jr., Also Known as Hugo F. Jaburg, and Others, Respondents.

First Department, March 6, 1931.

642

Gustav Lange, Jr., for the appellants.

Guy C. Heater of counsel [Oscar B. Frazer with him on the brief; Davis, Wagner & Heater, attorneys], for the respondents.

FINCH, J. Plaintiffs appeal from an order dismissing the first and third causes of action of their amended complaint.

The question here presented is whether the facts therein alleged, if true, entitle the plaintiffs to equitable relief.

The action is brought by a director and minority stockholders of the defendant corporation. The complaint alleges, for a first cause of action, that ever since its organization in 1921 the business of the defendant corporation has been unprofitable and unsuccessful and conducted at a great loss, as a result of which its capital has been and is being impaired and its property wasted and dissipated. It is further alleged that the corporation never has earned or paid any dividends on its common stock and is in default for more than two years in dividends on its preferred stock; that the business of the corporation has become obsolete and cannot be conducted at a profit because of certain specified changes in the trade; and that, unless the corporation is dissolved, the waste and dissipation of its capital and assets will continue until entirely consumed.

It is, among other things, further alleged in the complaint as follows: " It is beneficial to the interest of the stockholders of the defendant Jaburg Brothers, Inc., that it be dissolved, but the defendant directors of said corporation well knowing such to be the fact, and well knowing all of the facts alleged in this complaint, and the

losses, waste and dissipation, and the large impairment, of the capital of defendant Jaburg Brothers, Inc., and its failure to earn or pay any dividends on its common stock since its organization, and that dividends for more than two years have accrued and are unpaid on the preferred stock and that said company cannot do business upon a profitable basis, and that the said business has become obsolete, and the purpose and object of its incorporation has failed, nevertheless, in violation of their duty as such directors, fraudulently and wilfully, refuse and neglect to prevent such further waste and dissipation of the property of the defendant Jaburg Brothers, Inc., and the impairment of its capital, and to file a petition for the dissolution of said corporation, with the intent and purpose of continuing the emoluments and gains which they, in the circumstances, wrongfully derive from said corporation by way of salaries and otherwise, as set forth in this complaint, and to prevent and avoid an accounting by them of their actions as directors and officers and the restoration of the property which they, or some of them, have wrongfully obtained, and owing to such pecuniary and selfish interest in the continuance of the defendant Jaburg Brothers, Inc., and also by reason of the domination and control of the defendant Hugo Jaburg, Jr., as set forth in this complaint, they are incapable of voting upon any proposal to dissolve said corporation in a disinterested and unselfish manner and in accordance with their duty and obligation as directors."

In addition to certain other relief, as to which it is not now necessary to determine whether or not plaintiffs are entitled, it is prayed that the defendant directors be required and directed to file a petition on behalf of the defendant corporation for its dissolution.

The question is thus presented whether, under circumstances as above alleged, the court will inquire into the good faith of the directors and majority stockholders of the corporation in refusing to dissolve the same.

In courts of equity, directors of a corporation are accountable as such for fraud, bad faith and other breaches of trust. (*Bosworth* v. *Allen*, 168 N. Y. 157; *Kavanaugh* v. *Kavanaugh Knitting Co.*, 226 id. 185.) So, also, does the court require of majority stockholders who have undertaken the management of the corporate affairs, that they do not act in fraud or bad faith towards the minority stock interest. As was said by Judge COLLIN, in *Kavanaugh* v. *Kavanaugh Knitting Co.* (*supra*, at p. 195): " When a number of stockholders constitute themselves, or are by the law constituted, the managers of corporate affairs or interests they stand in much the same attitude towards the other or minority stockholders that the

directors sustain, generally, towards all the stockholders, and the law requires of them the utmost good faith. (*Farmers' Loan & Trust Company* v. *New York & Northern Railway Co.*, 150 N. Y. 410, 430; *White* v. *Kincaid*, 149 N. C. 415; *Ervin* v. *Oregon Ry. & Nav. Co.*, 27 Fed. Rep. 625.) In taking corporate action under the statute, the stockholders are acting for the corporation and for each other and they cannot use their corporate power in bad faith or for their individual advantage or purpose. (*J. H. Lane & Co.* v. *Maple Cotton Mills*, 226 Fed. Rep. 692.) "

If it can be shown upon a trial that this refusal to dissolve is for the purpose and plan of giving to these officers and majority stockholders the assets of the corporation by way of salaries rather than through dissolution dividing these assets among all the stockholders, obviously it becomes the duty of the directors to institute appropriate proceedings. As was said in *Jameson* v. *Hartford Fire Ins. Co.* (14 App. Div. 380, 385): " It cannot be doubted that the directors had the legal power to commence these proceedings for a voluntary dissolution of the corporation, and that it was their duty to do so, if for any reason they deemed it beneficial to the interests of the stockholders that the corporation should be dissolved. It was not necessary that the corporation should be insolvent in order to justify the proceedings for dissolution and the final dissolution of the corporation. The papers disclose such a condition of this corporation as made the proceedings for such dissolution entirely proper. The company was not insolvent, but it had concededly been losing money every year for the last ten years, and the dividends had, during that whole time, been paid, not from the net earnings of the company, the earnings having each year been less than the current expenses, but from the surplus on hand, which had thereby been steadily reduced from year to year."

In the case at bar the situation of the corporation is very similar to that above stated. The directors of the corporation, however, the plaintiffs allege, are in the control of majority stockholders, and are refraining from applying for dissolution of the corporation for the pecuniary gain of the officers and majority stockholders and regardless of the interests of the minority stockholders.

Under such circumstances minority stockholders will be afforded redress by a court of equity. In *Kavanaugh* v. *Kavanaugh Knitting Co.* (226 N. Y. 185) the right of a minority stockholder to enjoin a dissolution of the corporation, where the majority directors voted in bad faith for such dissolution, was sustained. The court said (p. 196): "A court of equity will protect a minority stockholder against the acts or threatened acts of the board of directors or of the managing stockholders of the corporation, which violate the

fiduciary relation and are directly injurious to the stockholders. The statute empowers the directors and stockholders, under the prescribed procedure, to dissolve the corporation. The plaintiff took his stock subject to the provisions of the statute. Judicial authority does not extend to enjoining the exercise of a right conferred by legislative authority. The courts cannot pass upon the question of the expediency of the dissolution, for that is the very question which the Legislature has authorized the board of directors and the stockholders to decide. · They can, however, and will, whenever the facts presented to them in the appropriate action demand, inflexibly uphold and enforce, in accordance with established equitable principles, the obligations of the fiduciary relation. The good faith of the individual defendants is a proper and fundamental subject to be adjudged. Bad faith, fraud or other breach of trust constitutes a foundation for equitable relief."  .

Bad faith and fraud in refraining from dissolving a corporation may be shown to be as much a breach of duty as bad faith and fraud in seeking wrongfully to dissolve a corporation. It being proper for the court to act in the one instance, it is proper, also, that it should act in the other. We hold, therefore, that the first cause of action sets forth facts sufficient to constitute a cause of action.

Considering now the third cause of action, this alleges that notwithstanding the lack of earnings and steady shrinkage of capital assets set forth in the first cause of action, the defendant Hugo Jaburg, Jr., through stock control, has caused his election to the presidency of the corporation and his salary to be increased from $7,500 a year to $20,000 a year by the defendant codirectors, whose election and office he controls and dominates. It is further alleged that said defendant is about thirty years of age, without executive experience and incompetent to fill the office of president and that the reasonable value of his services does not exceed $5,000 a year. Here, also, the question of good faith and fair dealing is involved and should, for the reasons set forth with respect to the first cause of action, be inquired into by the court.

It follows that the order, in so far as appealed from, should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendants to answer upon payment of said costs.

McAvoy, Martin and O'Malley, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to defendants to answer within twenty days from service of order upon payment of said costs.