In the Matter of the Accounting of GEORGETTE G. V. FAHNESTOCK et al., as Executors, and of HARRIS FAHNESTOCK, JR., et al., as Trustees under the Will of HARRIS FAHNESTOCK, Deceased, Respondents. GEORGETTE G. V. FAHNESTOCK et al., Respondents; HARRIS FAHNESTOCK, JR., et al., Appellants.— The only alternatives are to add to the residuary estate the $100,000 advanced to testator's daughter Ruth (as the Surrogate did), or else to hold that the will means that the advancements to Ruth should not pass under the will but be adjusted as provided by section 85 of the Decedent Estate Law as in event of intestacy. The former is manifestly what the decedent intended. It would do violence both to the will and to section 85 of the Decedent Estate Law to uphold the contention of appellants that the sum which he had advanced to Ruth was intended to be added exclusively to the trusts created by his will for his children and the issue of deceased children. That would result in a distribution provided for neither by the will nor by the intestate law. Decree, so far as appealed from, affirmed, with costs to all parties to the appeal payable out of the estate. Present — Glennon, J. P., Dore, Cohn, Callahan and Van Voorhis, JJ.; Dore and Callahan, JJ., dissent and vote to modify so as to provide that the widow would participate in the true residuary estate (without taking into consideration the $100,000 advancement) and that the children would likewise participate in the true residuary but among themselves would make adjustment for the advancement to the daughter Ruth.

JOHN McARDLE, Respondent, v. DAVID ERLICH, Defendant, and JEWISH MEMORIAL HOSPITAL, INC., Appellant.— Judgment unanimously modified by increasing the amount thereof to $40,000, plus interest and costs, and as so modified affirmed, with costs of this appeal to the respondent. No opinion. Settle order on notice. Present — Glennon, J. P., Dore, Cohn, Callahan and Van Voorhis, JJ.

NELLIE LENNAN, Suing for Herself as a Preferred Stockholder and for All Other Preferred Stockholders of 551 Fifth Avenue, Inc., Similarly Situated, Respondent, v. CHARLES N. BLAKELEY et al., Appellants.— The complaint sufficiently alleges facts which if established may warrant the granting of equitable relief. The allegations indicate that in disregard of the rights of the stockholders the directors are continuing the existence of the corporation for the sole purpose of benefiting those in control of the corporation at the expense of the other stockholders. Order unanimously affirmed, with $20 costs and disbursements, with leave to the defendants to answer within ten days after service of the order, with notice of entry thereof, on payment of said costs. Present — Glennon, J. P., Dore, Cohn, Callahan and Van Voorhis, JJ. [See *post*, p. 846.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANGELO LOIACANO and ANTHONY LUCENTE, Appellants, et al., Defendants.— Judgments unanimously affirmed. No opinion. Present — Glennon, J. P., Dore, Cohn, Callahan and Van Voorhis, JJ.