KURT E. FONTHEIM, Suing for Himself and All Other Stockholders of HURON HOLDING CORPORATION, Similarly Situated, Respondent, *v.* GEORGE R. WALKER et al., Appellants, et al., Defendants.

First Department, July 7, 1953.

*Eugene J. Morris* of counsel (*Bernard Buchwald* with him on the brief; *Demov & Morris,* attorneys), for respondent.

*J. Adam Murphy* of counsel (*Melvin L. Milligan, II,* with him on the brief; *White & Case,* attorneys), for George R. Walker and others, appellants.

*Milton M. Bergerman* of counsel (*Joseph Calderon* with him on the brief; *Bergerman & Hourwich,* attorneys), for Iskander Hourwich, appellant.

Peck, P. J.   Plaintiff is a stockholder of defendant Huron Holding Corporation. The complaint alleges that he owns approximately 31,000 shares of common stock out of an outstanding issue of 1,646,750 shares. The action purports to be a representative stockholders' action, brought pursuant to sections 101 and 102 of the General Corporation Law, to require the defendant Huron Holding Corporation and its directors to take proceedings necessary to dissolve the corporation.

The question on this appeal is whether the complaint, in view of the provisions of law for the voluntary dissolution of a corporation, states a cause of action.

Section 101 of the General Corporation Law allows a majority of the directors of a corporation, " if, for any reason, they deem it beneficial to the interests of the stockholders ", to petition the Supreme Court for the dissolution of a corporation.  Section 102 provides that it shall be the duty of the directors of a corporation, " whenever so directed by a majority in interest of its stockholders ", to petition for the dissolution of a corporation. The theory of the present action is that despite the discretion thus vested in the directors and authority thus vested in the majority of the stockholders, a minority stockholder may enlist the judgment of the court to require a dissolution against the will of the directors and without the will of the majority of stockholders.

Plaintiff relies upon *Kroger* v. *Jaburg* (231 App. Div. 641) and *Lennan* v. *Blakeley* (273 App. Div. 767) as authority for such an action. The decisions in both of these cases strongly intimate that the basis for entertaining the actions and sustaining the complaints was alleged breaches of trust upon the part

of the majority disqualifying them from the exercise of authority. The complaint in the *Lennan* action charged the controlling stockholders with looting the corporation through a management agreement and exorbitant management fees and alleged that they were fraudulently preventing a dissolution of the corporation in order to continue the advantages of their control. In *Kroger* v. *Jaburg* (*supra*, p. 643) the court stated the question as "whether * * * the court will inquire into the good faith of the directors and majority stockholders of the corporation in refusing to dissolve the same". The court observed that it requires of majority stockholders who have undertaken the management of corporate affairs that they do not act in fraud or bad faith toward the minority stock interest.

The defendants thus contend that a requisite to this kind of an action is an allegation that the majority stockholders are abusing their trust and responsibility, and that without such allegation there is no cause to relieve stockholders seeking a dissolution of a corporation from the requirement of enlisting a majority vote of the stockholders to that end. Plaintiff does not read the cases so narrowly and insists that it is sufficient to allege improper action and attitude on the part of the directors without alleging any complicity or overreaching on the part of the majority stockholders.

Certainly it would seem, in line with the pattern of the law, as expressed in sections 101 and 102 of the General Corporation Law, that minority stockholders should not be entitled to impose their will upon the will of the majority or substitute their judgment or even the judgment of the court for the judgment of the directors by alleging mere disagreement with the management or even by alleging misconduct upon the part of the officers and directors without adding such wrongdoing on the part of a majority in interest of the corporation as would render recourse to them useless and intervention of the court necessary to protect the minority from the majority through a dissolution of the corporation.

More is certainly required to sustain such an action than is required to sustain a derivative stockholders' action for waste. A derivative stockholders' action seeks to benefit the corporation by restoring property to it or compensating it for losses suffered. Such an action is aimed at strengthening the corporation. An action for dissolution, however, the aim of which is to end the corporate life, cannot possibly benefit the corporation and can only be judged by a standard of whether it is more to the interest of the stockholders to end the corporation's life

than it is to continue it. This is obviously a decision for the majority. A minority may separate themselves from the corporation if they wish. They hardly have standing to compel a dissolution unless a showing is made that the majority of the corporation seek to carry it on for the purpose of enriching themselves at the expense of the minority.

The complaint in the present action fails to contain such allegations. Reduced from elaboration to essence, it alleges that Huron Holding Corporation was created in 1931 for the purpose of receiving and liquidating certain slow assets of Manufacturers Trust Company, in consideration of which Huron issued to Manufacturers debentures in the amount of $4,000,000 and issued its capital stock to the stockholders of Manufacturers on a share for share basis. Although it is alleged that the amount of the debentures received by Manufacturers for the assets transferred represented an overvaluation of the assets and vested in Manufacturers an unfair equity in and income from those assets and constituted a means of perpetuating in Manufacturers control of Huron, it is apparent that the equal stockholders of both corporations were not harmed by this bookkeeping entry and that plaintiff who did not acquire his stock until long after cannot complain. More pertinently it is alleged that Manufacturers has at all times controlled and dominated Huron and its officers and directors who have all been either officers, directors or employees of Manufacturers. Further it is alleged that the directors and officers of Huron have used the corporation for the purpose of perpetuating their control, at an expense beyond that required for its administration, have failed to exercise proper prudence and unbiased judgment in the management of Huron and have failed to discharge the purpose of Huron to liquidate its assets. Specifically it is alleged that they have failed to liquidate a 14% interest in the preferred stock of the New Yorker Hotel Corporation, of which Manufacturers owns all the common stock and the balance of the preferred stock, and that while no dividends have been paid upon the preferred stock, the New Yorker Hotel has had expense lavished upon it beyond that necessary for efficient operation for the purpose of building up the hotel as a capital asset and hedge against inflation in the interest of Manufacturers. Finally it is alleged that Huron's investment in the New Yorker and its other assets are marketable and readily salable and they should be sold to accomplish the purpose of Huron and to benefit its stockholders, and there

is no purpose in continuing the existence of Huron except for the benefit and advantage of Manufacturers.

There is no allegation that the majority stockholders have any interest at variance with all the stockholders or that they will reap any advantage from the continuance of Huron at the expense of minority stockholders. Nor is any other reason assigned, other than one of inconvenience in communicating with stockholders, why application to and action by the majority should not be a requisite to dissolution of this corporation. There is a conclusory allegation that a small group of stockholders have working control of Manufacturers and allow the board of directors of Manufacturers to determine the policies of Huron and exercise their right to vote as stockholders of Huron in obedience to the decisions and instructions of the board of directors of Manufacturers. It is not suggested, however, and certainly not factually supported, that the majority are prompted by any ulterior interest or follow the lead of Manufacturers' directors for any reason other than confidence in their judgment. It is quite natural because of the relationship between Manufacturers and Huron and the identity of their stockholders that they should have a community of interest and common management.

This complaint really alleges nothing more than disagreement with the liquidation policy of the management, with almost exclusive reference to whether the Hotel New Yorker or Huron's interest therein should be liquidated now or later. Aside from allegations that the management has been inordinately expensive and wasteful, which might be ground for a derivative action for the benefit of the corporation, there is no issue drawn except an issue of business judgment.

Assuming the most liberal interpretation of the provisions of the General Corporation Law for corporate dissolutions, and that minority stockholders may institute a proceeding without showing a complicity by majority stockholders in maintaining the corporate existence for some special benefit of the majority at the sacrifice of the interest of the minority, this complaint still fails to make factual allegations which would justify the intervention of the court and an overriding of the judgment of the directors and disregarding of the majority stockholders.

Machinery exists within corporate organizations to ascertain and effectuate the will of the stockholders. Government of the corporation must remain in the stockholders and orderly processes be observed. They cannot be by-passed and the most vital decision of corporate life or death lifted out of the cor-

porate domain and transferred to a court forum at the will or whim of a minority stockholder. Undoubtedly the court stands available as a safeguard when conditions exist where a majority has assumed an unfair advantage over a minority and the action of the majority is dictated by considerations other than the welfare of the corporation and stockholders as a whole. No showing is made in the instant complaint, however, which should cause the court to assume a jurisdiction to pass upon the question of business judgment involved and to decide in place of the directors and stockholders when assets should be liquidated and the corporation dissolved.

The order appealed from should be reversed and the complaint dismissed, with costs to appellants.

GLENNON, BREITEL and BERGAN, JJ., concur.

Orders unanimously reversed, with $20 costs and disbursements to the appellants, and judgment is directed to be entered in favor of the appellants dismissing the complaint herein, with costs to the appellants.