IRVING GROSS, Individually and as a Stockholder, on Behalf of Himself and EAST COAST LUMBER TERMINAL, INC., Appellant, v. VIRGIL M. PRICE, Individually and as President, Director and Stockholder of EAST COAST LUMBER TERMINAL, INC., et al., Respondents, et al., Defendants.—In an action by a minority stockholder to recover on behalf of the corporation for waste, and on his own behalf to compel the directors to take proceedings to dissolve the two defendant corporations, plaintiff appeals from an order insofar as it denies his motion to strike out the second, fourth and fifth defenses, and second counterclaim, as insufficient, denies his motion for summary judgment with respect to the first counterclaim, and dismisses the second and third causes of action in the amended and supplemental complaint. Plaintiff also appeals from an order granting renewal and reargument and, on such renewal and reargument, adhering to the original determination. Order on renewal and reargument modified by granting plaintiff leave to replead the second and third causes of action within twenty days from the entry of an order hereon. As so modified, order

unanimously affirmed, without costs. Appeal from original order dismissed, without costs. An action by a minority stockholder to compel directors to take proceedings to dissolve the corporation may not be maintained where it does not appear from factual allegations in the complaint that the capital of the corporation was impaired by the majority of the corporation looting the assets and thereby enriching themselves at the expense of the minority, or that the existence of the corporation is being continued for the sole purpose of benefiting those in control, at the expense of the other stockholders. (*Kroger* v. *Jaburg,* 231 App. Div. 641; *Fontheim* v. *Walker,* 282 App. Div. 373, affd. 306 N. Y. 926; *Lennan* v. *Blakeley,* 273 App. Div. 767.) The second cause of action, seeking dissolution of East Coast Lumber Terminal, Inc., contains no such factual allegations. The third cause of action, seeking dissolution of Broad Hollow Estates, Inc., is insufficient for the same reason. Present — Nolan, P. J., Adel, Schmidt, Beldock and Murphy, JJ.