JOSEPH B. GAINES, Respondent, v. ERNEST ADLER et al., as Executors of CARL S. BRESNICK, Deceased, et al., Appellants, et al., Defendant.—

Discoverable in the language of the complaint is the assertion, supported by allegations as to particular transactions, that the corporation has been in the past and is now being exploited exclusively for the private benefit of its managing and controlling stockholders. If plaintiffs should be able to establish this assertion, they might, in a proper case, be entitled to relief (Kroger v. Jaburg, 231 App. Div. 641; Lennan v. Blakeley, 273 App. Div. 767; cf. Fontheim v. Walker, 282 App. Div. 373, affd. 306 N. Y. 926). Concur — Breitel, J. P., Rabin, McNally, Stevens and Steuer, JJ.

J. FRED MUGGS ASSOCIATES, INC., et al., Respondents, v. RICHARD AUERBACH, Appellant.—

The complaint asks for judgment in favor of the plaintiff, declaring that the defendant has no copyright, proprietary or other interest in certain films referred to in the complaint. It also asks for a temporary and permanent injunction and for money damages. It is alleged in paragraph Eighth of the complaint that the defendant has "asserted a 'copyright and proprietary interest' in the proposed series" of television shows and that as a result of such claim the plaintiffs "have been unable to conclude agreements for the production, financing and distribution of this series." However, there is no allegation that the defendant does not have such a copyright and proprietary interest. While the complaint does allege that the plaintiff is the "owner" of the proposed series of shows, such allegation is not the equivalent of an allegation that the defendant has no "copyright or proprietary interest" therein. Absent such an allegation the complaint must fall. Concur — Breitel, J. P., Rabin, McNally, Stevens and Steuer, JJ.