Fuld, J.
The plaintiff, a minority stockholder of Automatic Fire Alarm Company (of New York) — referred to as AFANY — sues on behalf of himself and all other minority stockholders similarly situated to compel the directors of that corporation to bring proceedings to effect its dissolution. The defendants moved to dismiss the amended complaint on the ground that it fails to state a cause of action (Bules Civ. Prac., rule 106 [CPLB 3211, subd. (a), par, 7]). The court at Special Term denied the motion but, on appeal, the Appellate Division reversed, granted the motion and dismissed the complaint, stating in part that ‘ ‘ the factual allegations =s * * are insufficient to establish a cause of action.” We reach a different conclusion.
Although there is no explicit statutory authority for the relief of dissolution sought in this action, the entire court is agreed that it is available as a matter of judicial sponsorship. (See, e.g,, Gaines v. Adler, 15 A D 2d 743; Gross v. Price, 284 App. Div. 964; Fontheim v. Walker, 282 App. Div. 373, 376 et seq., affd. 306 N. Y. 926; Lennan v. Blakeley, 273 App. Div. 767; Kroger v. Jaburg, 231 App. Div. 641, 643 et seq.; Drob v. National Mem. Park, 28 Del. Ch. 254, 270; see, also, Horn-stein, A Bemedy for Corporate Abuse, 40 Col. L. Bev. 220, 221 et seq.-, Hoffman, New Horizons for the Close Corporation, 28 Brooklyn L. Bev. 1, 13-14.) We differ only as to whether the allegations of the complaint before us, if proved, would warrant such judicial intervention.
No purpose is to be served by a detailed analysis of the contents of the complaint. It is enough to note that in our view it does recite, in sufficient factual detail (see Abrams v. Allen, 297 N. Y. 52; Kalmanash v. Smith, 291 N. Y. 142, 156-157; Kavanaugh v. Kavanaugh Knitting Co., 226 N. Y. 185, 197-198; see, also, CPLB 3013, 3014; 3 Weinstein, Korn & Miller, N. Y. Civ. Prac., p. 30-141 et seq., p. 30-159 et seq.), that the directors and others in control of AFANY are and for many years past have been ‘ ‘ looting ’ ’ its assets, thereby enriching themselves at the expense of the minority stockholders, and continuing the corporation’s “ existence * * * for the sole purpose of benefitting those in control * * * at the expense of [such] minority stockholders and to force and coerce [them] to sell and *316 sacrifice their holdings ” to those in control of the corporation.[1] Such charges, if established upon a trial, will, as the authorities cited above demonstrate, furnish a basis for the relief requested by the plaintiff. It is certainly no bar to the grant of such relief that the corporation may be operating profitably (cf. Business Corporation Law, § 1111, subd. [b], par. [3]) or that the plaintiff might have sought relief from some of the numerous acts of oppression and wrongdoing in fragmented actions by way of stockholders’ derivative suits or otherwise.
While it is quite true, as stated in the Fontheim case (282 App. Div. 373, 375, affd. 306 N. Y. 926, supra), that “ More is * * * required to sustain such an action [as the present] than is required to sustain a derivative stockholders’ action for waste ”, it is evident that much more is here alleged than is demanded for a derivative suit. ' As is apparent, the charges leveled against the directors and those in control of AFANY — that they are continuing the existence of the corporation solely for their own benefit at the expense of the minority shareholders, to force such shareholders to sell their holdings to them at a sacrifice and to freeze them out of the corporation — go far beyond charges of waste, misappropriation and illegal accumulations of surplus, which might be cured by a derivative action for injunctive relief and an accounting. (See Fontheim v. Walker, 282 App. Div. 373, 375-376, affd. 306 N. Y. 926, supra.)
The Legislature has constituted the directors and majority shareholders guardians of the corporate welfare, arbiters, as it were, of whether corporate dissolution is desirable under particular circumstances which have arisen and whether such dissolution is in the best interests of all the shareholders (cf. Business Corporation Law, § 1103). It is not the interests of the majority stockholders alone which determine the desirability or need for dissolution. Settled beyond per adventure is the proposition that, in eases such as this, directors and shareholder *317 majorities — constituted, as we have said, guardians of the corporate welfare — are cast in the role of fiduciaries and must exercise their responsibilities as such with scrupulous good faith. (See Kavanaugh v. Kavanaugh Knitting Co., 226 N. Y. 185, 196, supra; Ripley v. International Rys. of Cent. America, 8 N Y 2d 430, 436.) Accepting the allegations of the complaint as true, as we must at this stage of the litigation, it appears that the directors and majority shareholders “have so palpably breached the fiduciary duty they owe to the minority shareholders that they are disqualified from exercising the exclusive discretion and the dissolution power given to them by statute.” (Hoffman, New Horizons for the Close Corporation, 28 Brooklyn L. Rev. 1, 14.) The court should act to fill the decisional vacuum created by this disqualification.
In light of the serious charges of persistent corporate abuses by the directors and the majority shareholders, it would be inadequate and, therefore, inappropriate to remit the minority shareholders to the exclusive remedy of a derivative suit. The thrust of the complaint is, in effect, that the directors and the majority are refusing to dissolve the corporation for the very purpose of continuing their corporate depredations at the expense of the minority. AFANY is one of a complex of corporations, headed by defendant Grinnell Corporation, and it is alleged, inter alia, that the primary, if not the sole, purpose of preserving AITANY’s separate existence is to effect an unlawful diversion of large portions of its earnings to its parent corporation and other members of the group. If this and the other allegations of misconduct be established, it follows that to restrict the minority shareholders to a derivative suit would be to commit them to a multiplicity of costly, time-consuming and difficult actions with the result, at most, of curing the misconduct of the past while leaving the basic improprieties unremedied. It is the traditional office of equity to forestall the possibility of such harassment and injustice.
The argument that to sanction a suit such as the present one permits the plaintiff to escape the requirements imposed by statute upon minority shareholders who bring derivative actions (General Corporation Law, § 61-b, now Business Corporation Law, § 627) diverts us from the question posed by this appeal, namely, the legal sufficiency of the complaint. The Legislature
*318 has decided as a matter of policy that in a derivative action the plaintiff may he required to post security for expenses unless his shareholdings are substantial. The Legislature has not, however, chosen to impose a similar requirement for the maintenance of any other type of action. Once, therefore, it be decided that a complaint states a cause of action not derivative in character, it follows that the plaintiff is privileged to maintain the action without posting security, no matter how small his holdings. Accordingly, where, as here, a cause of action is properly alleged to compel a dissolution, a cause concededly not derivative, the court has no alternative but to sustain the complaint.
It is hardly necessary to add that whether the plaintiff will be able to prove his allegations is a question which must necessarily await a trial, as is also the further question whether, if the plaintiff does prove those allegations, the court should grant either the relief of dissolution which the plaintiff seeks or, alternatively, such other relief as might seem more appropriate once the actual facts and circumstances are ascertained. All that we are now deciding is that the complaint states a cause of action which would, in a proper case, enable the court to grant the remedy of dissolution which the plaintiff requests.
The judgment appealed from should be reversed, with costs in this court and in the Appellate Division, and the defendants ’ motion to dismiss the amended complaint denied.

. Even if it were to be assumed, for purposes of argument, that the allegations (quoted above from paragraph 10 of the amended complaint) are purely conclusory, dismissal of the pleading would not be justified since those allegations are buttressed by others, such as those in paragraphs 13, 14, 24, 26, 30 and 31, unquestionably factual, detailing the illegal activity of the defendants which the plaintiff asserts threatens both suppression of the minority and jeopardy to the corporation’s future. In other words, as noted above, the complaint, read in its entirety, states a cause of action for dissolution.