Van Voobhis, J.
(dissenting). None of the decisions cited in the majority opinion or in the briefs supports a reversal of the judgment entered upon the order of the unanimous Appellate Division, holding this amended complaint to be insufficient in law. The action is patently an attempt by a shareholder, holding an infinitesimally small proportion of the outstanding shares, to evade the public policy expressed by the Legislature in the enactment of section 61-b of the General Corporation Law, and analyzed by this court in no uncertain terms in Lapchak v. Baker (298 N. V. 89), without pretending to comply with the requirements of that section, prompted by the multitude of minority stockholder suits at the instance of shareholders owning no substantial interest in the enterprise. The endeavor here is to escape the requirements of that section by changing the label on an action for waste or misappropriation against directors or majority shareholders. Such an action, like an *319 action to compel the declaration of increased dividends, is derivative rather than representative (Gordon v. Elliman, 306 N. Y. 456).[1] It has to comply with section 61-b of the General Corporation Law. But if, instead, so the reasoning goes, it can be cast in the form of an action by minority shareholders to compel the dissolution of a corporation, then everything which could be done in a representative action for waste, misappropriation or to compel the declaration of larger dividends could be accomplished as in a representative action without being subject to the limitations prescribed by the Legislature in section 61-b of the General Corporation Law. Even before the enactment of that section, this court had made it clear that in a minority stockholders’ suit allegations of waste, misappropriation and the like, however highly colored by the multiplication of adjectives, were to be regarded as conclusions of law and of no effect in a complaint. This was applied to allegations such as those charging the purchase or sale of assets at far above or below market value, or the sale of shares at prices below actual value (Kalmamash v. Smith, 291 N. Y. 142). This rule was adopted having in mind the ease with which such lurid characterizations can be fashioned in a complant, in actions the main object of which is to establish a nuisance value. The Kalmanash case, and others such as Eighteen Fulton St. Corp. v. Appel (272 App. Div. 602, 603) which have followed in its train, certainly brand as mere conclusions of law such allegations as are contained in this amended complaint charging defendants with “ looting the assets of AFANY, thereby enriching Grinnell Corporation, AFADEL and another of the subsidiaries of Grinnell Corporation, to wit ADT and thereby enriching themselves at the expense of the minority stockholders ”, or that: “The existence of AFANY is being continued for the sole purpose of benefitting those in control of AFANY, i.e., Grinnell Corporation and its subsidiaries, at the expense of the minority stockholders and to force and coerce the said minority stockholders to sell and sacrifice their holdings to Grinnell Corporation or its subsidiaries.”
The importance of these conclusory allegations is that they are essential if the complaint be deemed to be sufficient to allege *320 a cause of action for compulsory dissolution at the instance of minority shareholders under the existing New York law. That law was accurately stated in the memorandum of the Appellate Division in this case in saying that the allegations of this amended complaint are insufficient in law in that ‘1 They fail to show that the capital of the corporation was impaired by the majority of the corporation looting the assets and thereby enriching themselves at the expense of the minority, or that the existence of the corporation is being continued for the sole purpose of benefiting those in control, at the expense of the other stockholders (Gross v. Price, 284 App. Div. 964; Aliotta v. Samperisi, 2 AD 2d 901).” We recognize that there are factual allegations in other portions of the complaint which would be sufficient to sustain a cause of action for waste or misappropriation, but the action is not brought for that relief. It is conceded that the corporate enterprise is highly profitable, and that there is no impairment of capital, and the amended complaint can be sustained only, as an action for compulsory dissolution by minority shareholders, on the conclusory allegation quoted in the majority opinion, that this corporation is being continued for the sole purpose of benefiting those in control. Allegations of facts showing waste and misappropriation are not enough to sustain an action of this kind for compulsory dissolution, nor even allegations that might be appropriate in an action to compel the declaration and payment of increased dividends. The distinction was well stated per Peck, P. J., at the Appellate Division in Fontheim v. Walker (282 App. Div. 373, 375, affd. without opinion 306 N. Y. 926) as follows: “ A derivative stockholders’ action seeks to benefit the corporation by restoring property to it or compensating it for losses suffered. Such an action is aimed at strengthening the corporation. An action for dissolution, however, the aim of which is to end the corporate life, cannot possibly benefit the corporation and can only be judged by a standard of whether it is more to the interest of the stockholders to end the corporation’s life than it is to continue it.” This amended complaint admits that dividends of 60 cents per share have been paid on the common stock of this corporation. True enough, it alleges that larger dividends should have been paid, but it is inconceivable how the continuance of the corporation could be held to have been for the sole purpose of benefiting *321 those in control, when all of the outstanding shares were receiving annual dividends of at least 60 cents per share.
The situation described in this amended complaint has none of the essential aspects of compulsory dissolution at the instance of a minority. This is not a case where a majority of the shareholders have applied for dissolution, nor where the stockholdings are equally divided so that a deadlock has arisen, or where dissolution is sought at the instance of creditors or at the instance of the public in an action by the Attorney-General, which are the only statutory instances of applications for dissolution (General Corporation Law, arts. 7, 9), nor do any facts alleged bring it within the case law upon the subject. This is a very drastic form of relief. It will certainly result in a multiplicity of suits if all that be necessary, without supplying security under section 61-b of the General Corporation Law, is for the owner of a single share or of 48 shares, as in this instance, to threaten the life and continued existence of a prosperous corporation by this kind of maneuver.
An analysis of the case law and of this pleading can lead, as it seems to us, to no other conclusion than that this amended complaint is insufficient. The memorandum decision of the Second Department says in the Gross case (Gross v. Price, 284 App. Div. 964, 965): “ An action by a minority stockholder to compel directors to take proceedings to dissolve the corporation may not be maintained where it does not appear from factual allegations in the complaint that the capital of the corporation was impaired by the majority of the corporation looting the assets and thereby enriching themselves at the expense of the minority, or that the existence of the corporation is being continued for the sole purpose of benefiting those in control, at the expense of the other stockholders. (Kroger v. Jaburg, 231 App. Div. 641; Fontheim v. Walker, 282 App. Div. 373, affid. 306 N. Y. 926; Lennan v. Blakeley, 273 App. Div. 767.) ”
In Lennan v. Blakeley (273 App. Div. 767) a complaint was sustained in an action by the minority to compel dissolution, for the reason that its factual allegations indicated that “ the directors are continuing the existence of the corporation for the sole purpose of benefiting those in control of the corporation at the expense of the other stockholders ”, and that its continued existence could reasonably be expected to benefit nobody else *322 (italics supplied). In the case of Kroger v. Jaburg (231 App. Div. 641), on which appellant here lays some stress, the complaint alleged not only that the business of the corporation was being conducted at a loss as a result of which its capital had been impaired, but also that the business of the corporation had become obsolete and could not be conducted at a profit by reason whereof the purpose and object of the corporation had failed.
All of the New York cases except the last cited were decided after the publication of the article in 1940 in 40 Columbia Law Review by George D. Hornstein, entitled: “A Remedy For Corporate Abuse — Judicial Power to Wind Up a Corporation at the Suit of a Minority Stockholder.” The author of that article, on which appellant relies, reaches no conclusion that a corporation should be dissolved at the instance of minority stockholders merely for the reason that the directors have violated their fiduciary obligations by engaging in waste, misappropriation or refusal to declare and pay dividends. The principal plea of the author is against a rigid rule that merely for the reason that the statutory law contemplates dissolution only at the instance of majority stockholders, or where the stockholders are evenly divided concerning the management of the corporation, or at the instance of the public through an action by the Attorney-General, or at the instance of judgment creditors (General Corporation Law, arts. 7, 9), there can be no intervention by a court of equity under any other circumstances at the instance of minority stockholders. Professor Hornstein recognizes, as did our courts in the Fowbheim case (supra), that the wrong must be done by the majority stockholders (40 Col. L. Rev. 225), that a minority stockholder should not be compelled ‘1 to continue risking his property in ventures not originally contemplated or to stand idly by until the assets are completely dissipated without any possibility of income ” (id.). That is not this case, nor does Professor Hornstein go farther in essentials than the New York courts have gone in the cases cited in this or the majority opinion. Only three instances are enumerated by him where dissolution in such instances should be decreed, viz., where corporate functions have been abandoned, where the main objects or purposes of the corporation have failed, or where the stockholders or management fail to work together for the common interest, “ and the trouble is so deep- *323 seated as to make a profitable corporate life improbable ” (p. 226). None of those situations applies here.
Unless the amended complaint in this action alleged facts sufficient to indicate that the capital of the corporation is impaired or that the existence of the corporation is being continued for the sole purpose of benefiting those in control, it fails to state a cause of action either under the reasoning of the Columbia Law Review article or under the New York decisions. The case of Gross v. Price (284 App. Div. 964, supra), cited in the Appellate Division’s memorandum, affirmed (insofar as is here relevant) an order of the Nassau County Special Term, Christ, J., presiding. Justice Christ wrote an opinion (unofficially published at 127 N. Y. S. 2d 729, 734-735), stating cogent reasons applicable here on account of which it was held that the complaint failed to state a cause of action for dissolution at the instance of minority stockholders.
The only allegations in the amended complaint which are other than conclusory relate to a derivative action for waste and misappropriation, or possibly to compel the declaration and payment of larger dividends. Even as to the last, it would be extraordinary if it were enough even to sustain a cause of action for increased dividends to allege that a corporation is earning $3.50 per share annually but paying 60 cents per share dividends on the common stock. Nor does the additional fact help that the corporation has several millions of dollars in its treasury invested in government bonds. If royalties are being paid under expired patents, and part of the income siphoned off in other ways, that goes no farther than waste or misappropriation. Possible violations of the Sherman Anti-Trust Law or accumulations in violation of the Federal tax laws have nothing to do with a cause of action for dissolution unless the purposes of the corporation are frustrated or the minority shareholders totally excluded.
The judgment appealed from should be affirmed, with costs.
Chief Judge Desmohd and Judges Dye and Scileppi concur with Judge Fuld; Judge Yah Yoorhis dissents in an opinion in which Judges Burke and Foster concur.
Judgment reversed, with costs in this court and in the Appellate Division, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein.

. Gordon v. Elliman was overruled by sections 626 and 627 of the new Business Corporation Law as to actions to increase dividends,