■ LUCRETIA G. KRUGER et al., Respondents, v. ARTHUR A. GERTH et al., Appellants, et al., Defendant.— In an action by minority stockholders of the defendant corporation, in which the complaint alleges: (a) one cause of action to compel the individual defendants, who are two of the corporation's three directors, to dissolve the corporation; and (b) two causes of action to enjoin, as waste, the payment by the corporation of certain bonuses to the defendant Arthur A. Gerth and two other employees of the corporation, and to recover such bonus payments as have been made, the individual defendants appeal from so much of a judgment of the Supreme Court, Nassau County, entered May 19, 1964 upon the court's decision after a nonjury trial, as directed them "forthwith to take all steps and procedures provided by Article 10 of the Business Corporation Law to cause the [corporation] to be dissolved", and as awarded costs to the plaintiffs. The corporation was served with process but did not appear in the action. No appeal has been taken from the court's dismissal of the second and third causes of action relating to the payment of the bonuses. Judgment, insofar as appealed from, reversed on the law and the facts, without costs; and the first cause of action for dissolution of the corporation dismissed, without costs. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. During the relevant period of time in issue, the defendant Arthur A. Gerth was the only party to the action in the corporation's employ; he owned 53% of the corporation's common stock and half of its preferred stock; his brother, defendant Harry J. Gerth, owned 1% of its common stock; and plaintiffs owned the remainder of its common and preferred stock. The corporation is in the retail lumber business. The gist of the first cause of action to compel dissolution of the corporation is that Arthur A. Gerth has dominated and controlled the affairs of the corporation; that he has taken salaries and bonuses in such amounts as to leave little net profit annually; that no dividends have ever been paid on the common stock; that the dividend payments on the preferred stock, which began only in 1958, gave plaintiffs a meagre return for their capital interest in the corporation; that, because of various conditions that affect the business of the corporation, the corporation cannot be operated so as to increase its profits; that the said Gerth has a personal interest in continuing the business of the corporation, namely, to provide himself with employment, at substantial salaries and bonuses, and thereby has been exploiting the corporation to the detriment of the other stockholders. The corporation's net profit in each of the years 1958 to 1961, both inclusive, has been less than $2,000, before provision for income taxes. In each of the first three of those years Arthur A. Gerth's salary was $9,000; and in 1961 it was $9,374.94. His bonus for each of the four years was, respectively, $5,857.20, $7,153.20, $6,480 and $6,120. Throughout these years the corporation has had a net worth of substantially more than $100,000 and total annual

sales ranging from about $245,000 to about $275,000. More is required to sustain an action to compel the dissolution of a corporation than to sustain a derivative stockholder's action for waste. Dissolution will not be compelled unless it be found that the dominant stockholders or directors have been "looting" the corporation's assets and impairing the corporation's capital or maintaining the corporation for their own special benefit, thereby enriching themselves at the expense of the minority stockholders; and the fact that the corporation is operating profitably or that the complaining stockholders may have a right to relief by way of derivative suits or otherwise is not in itself a bar to compelling dissolution (*Leibert* v. *Clapp*, 13 N Y 2d 313; *Aliotta* v. *Samperisi*, 2 A D 2d 901; *Gross* v. *Price*, 284 App. Div. 964). In the instant case there was no evidence from which it could be found that there was any looting and impairment of capital or maintenance of the corporation for the special purpose of the individual defendants at the expense of the other stockholders. The plaintiffs acquired their stock in a bequest under the last will and testament of Henry M. Kruger, who died in August, 1961. In 1950 both he and Arthur A. Gerth were employees of the corporation, receiving equal salaries of $6,000. In that year the said Kruger became ill and retired from active participation in the business. Thereupon, the only stockholder in active participation in the business carrying the responsibilities of the business was Arthur A. Gerth, but he had to employ another person to replace Henry M. Kruger. Nevertheless, said Kruger continued to receive a salary from the corporation for about 11 years, that is, from 1950 to 1961, when he died. In 1951 Arthur A. Gerth's salary was increased to $7,500; and he began taking a bonus. Since then there have been increases in his salary and bonus. There was no evidence that anyone complained that the said Gerth did not deserve the salaries and bonuses he received during the 11 years up to August, 1961 during which he operated the business while Kruger remained on the sidelines. There was no material difference between the total of Gerth's salaries and bonuses annually from 1955 to 1961, both years inclusive. As a matter of fact, at the conclusion of the trial, plaintiffs' counsel expressly admitted that no proof had been offered to the effect that Gerth's salaries had been excessive. In sum, plaintiffs' claim rests only on the fact that the amount of the bonus for each of the four years up to and including 1961, though varying from year to year, served so to reduce the net profit as to leave an insufficient amount to provide a fair return to plaintiffs on their stock in the corporation. We have found no case in which dissolution of a corporation was directed on such a meagre showing. In *Gross* v. *Price* (284 App. Div. 964, *supra*) this court held that allegations that the dominant stockholder had taken large sums of money from the corporation in addition to compensation for services; that payrolls had been inflated; and that dividends on some classes of stock had not been declared, were not charges of impairment of capital. Unlike *Leibert* v. *Clapp* (13 N Y 2d 313, *supra*) and *Leight* v. *551 Fifth Ave.* (18 A D 2d 982), no claim was made in this action that there has been a calculated deflation or impairment in the value of the capital stock in order to coerce the minority stockholders to sell their shares at depressed prices. Indeed, plaintiffs' own motives in prosecuting this action are doubtful and suspect; and their motives bear upon the issue of whether defendant Arthur A. Gerth has taken unfair advantage of his position. The plaintiff Henry L. Kruger in his testimony admitted that he had been employed by the corporation from the time of its creation in 1924 until November, 1946, when he resigned to operate his own business; that he and his brother, plaintiff Sydney F. Kruger, have operated their own business since January, 1946; that their personal business is in competition with the business of the defendant corporation; and that their personal business would profit should the

business of the defendant corporation cease. Beldock, P. J., Kleinfeld and Christ, JJ., concur; Hill and Rabin, JJ., dissent and vote to affirm the judgment insofar as appealed from.