**MUTUAL SHARES CORPORATION,**
Spingarn Heine & Co., and Norte & Co., Plaintiffs,

v.

**GENESCO, INC. and W. Maxey Jarman,**
Defendants.

No. 66 Civ. 2475.

United States District Court
S. D. New York.

Jan. 18, 1967.

William Klein, II, New York City, for plaintiffs, Julius J. Rosen, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for defendants, James R. Withrow, Jr., Richard L. Bond, R. Barry McComic, New York City, of counsel.

## OPINION

BONSAL, District Judge.

Defendants Genesco, Inc. (Genesco) and W. Maxey Jarman (Jarman) have moved pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for an order dismissing the complaint for lack of jurisdiction on the grounds that it fails to state a Federal claim and that there is no diversity of citizenship. After defendants filed this motion, plaintiffs amended their complaint and defendants' motion is treated as addressed to the amended complaint.

On October 13, 1966, Judge McLean denied plaintiffs' motion for a preliminary injunction. Judge McLean noted that "the complaint is voluminous and contains much that is repetitious and irrelevant," and expressed "grave doubt as to the jurisdiction of the court over the subject matter of this action."

The amended complaint, as well, is far from a "simple, concise, and direct" statement (Rule 8(e), F.R.Civ.P.). Taking the allegations of the amended complaint as true and construing them most favorably to the plaintiffs, it appears that the plaintiffs are citizens of New York; that on various dates between November 15, 1963 and August 17, 1964, they purchased a total of 16,608 shares of common stock of S. H. Kress & Co. (Kress), a New York corporation; that defendant Genesco is a Tennessee corporation controlled by defendant Jarman, a citizen of Tennessee; that in October, 1963 Genesco acquired over 94% of the outstanding common stock of Kress;[1] and that plaintiffs bring this action on their own behalf and on behalf of all other Kress stockholders similarly situated.

Plaintiffs charge that in acquiring control of Kress and in subsequently managing Kress, defendants violated Sections 10(b), 14(a) and 18(a) of the Securities Exchange Act of 1934 (the Act) and violated their fiduciary duty towards the Kress stockholders under state law in the following respects:

(1) In failing to disclose the true value of Kress' real estate or their intention to finance the purchase of Kress stock by "paper sales" of a substantial portion of Kress' real estate at the time they made the public offer for tenders from the Kress stockholders and at the times they purchased additional shares of Kress stock (amounting to half of 1% of its outstanding common stock) following the expiration of the tender offer;

(2) Subsequent to defendants' acquisition of control of Kress, in unfairly

[1.] 43% was purchased by Genesco from the Kress Foundation and the balance through a public offer for tenders from the stockholders of Kress.

failing to disclose to its stockholders (and concealing their unfairness in public announcements, proxy solicitations and annual reports) that they had converted Kress business and assets to Genesco's exclusive enrichment without regard to the interest of Kress' minority stockholders (alleged to hold 5% of the outstanding common stock): specifically, that defendants appropriated assets of Kress without adequate consideration, including real estate of a value of $60,-000,000 and cash in the amount of $72,-000,000;

(3) In depressing the market price of Kress stock by manipulating the market and keeping dividends to a minimum for the purpose of acquiring shares of minority stockholders at less than their true value.

■ Absent diversity of citizenship (hereinafter discussed), the court lacks jurisdiction over the subject matter of the action unless the complaint alleges a Federal cause of action under the Securities Exchange Act of 1934. This is true even though plaintiffs may allege an action for corporate mismanagement and waste cognizable by a State court. O'Neill v. Maytag, 339 F.2d 764 (2d Cir. 1964); Birnbaum v. Newport Steel Corp., 193 F.2d 461 (2d Cir. 1952), cert. denied, 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952).

■ Plaintiffs contend that a Federal question is presented by the allegations that defendants violated Section 10(b) of the Act in making the public offer for tenders without disclosing the value of Kress' real estate,[2] in continuing to purchase Kress stock after the termination of the offer and the acquisition of control, and in manipulating the market for Kress stock in order to freeze out minority interests. As noted, however, by Judge McLean, plaintiffs are purchasers, not sellers, of Kress stock and "hence they are not in a posi-

tion to take advantage of any alleged violation of Section 10(b)" by defendants against sellers. "It is not sufficient to show that a third person, in a separate transaction, was defrauded," Kremer v. Selheimer, 215 F.Supp. 549, 552 (E.D.Pa.1963), and "plaintiffs must be actual, not aborted, sellers before their claim is cognizable under the Securities Act * * *." Keers and Co. v. American Steel and Pump Corp., 234 F.Supp. 201, 203 (S.D.N.Y.1964). Indeed, if there was any fraud in connection with defendants' purchase of Kress stock, it appears from the amended complaint that the plaintiffs were benefitted in purchasing their stock at allegedly depressed prices. Hoover v. Allen, 241 F.Supp. 213, 227 (S.D.N.Y. 1965).

■ Plaintiffs contend that they would not have purchased their Kress stock if defendants had disclosed their intention to mismanage Kress or if defendants had disclosed that certain transactions involving Kress' real estate constituted corporate waste. However, Section 10(b) is not "a mandate to inquire into every allegation of breach of fiduciary duty * * *," O'Neill v. Maytag, supra, 339 F.2d at 768, but, on the contrary, is directed "solely at that type of misrepresentation or fraudulent practice usually associated with the sale or purchase of securities rather than at fraudulent mismanagement of corporate affairs." Birnbaum v. Newport Steel Corp., supra, 193 F.2d at 464.

■ The transactions involving Kress' real estate were disclosed by defendants in a proxy solicitation in March, 1964 and in the 1964 and 1965 annual reports to the stockholders of Kress, and indeed, in their affidavits before Judge McLean, plaintiffs conceded that the transactions were a matter of public record. Defendants' failure to characterize these transactions as unfair to Kress and as constituting cor-

2. When defendants made their public offer for tenders in October, 1963, they were "outsiders" and hence were under no duty to disclose any knowledge they might have

had as to the true value of Kress' real estate. Mills v. Sarjem Corp., 133 F. Supp. 753, 764–765 (D.N.J.1955).

porate waste did not give plaintiffs a cause of action under Section 10(b).[3] As stated in Laurenzano v. Einbender, CCH, Fed.Sec.L.Rep., ¶ 91,846 (E.D. N.Y.1966), at 95,898:

> " * * * phrasing an attack on unfairness of terms as a failure * * * to acknowledge that unfairness does not transform the attack on unfairness of terms into a case of federal cognizance * * *: it is precisely that general transformation which O'Neill v. Maytag rejects * * *."[4]

Plaintiffs point to two allegedly affirmative misrepresentations by defendant Jarman which, they assert, give rise to a Section 10(b) cause of action: (1) a statement made shortly after Genesco acquired control of Kress that Kress would continue under the same management and would not be operated as a subsidiary of Genesco; and (2) a statement made at the 1964 Kress shareholders' meeting that Genesco would satisfy its notes held by Kress in cash before the end of December, 1964. With regard to the first statement, plaintiffs concede that before they purchased their Kress stock Jarman installed his own nominees as directors of Kress and made it appear that Kress was "fully absorbed into Genesco." Therefore, plaintiffs could not have relied on the first statement in making their purchases. See, List v. Fashion Park, Inc., 340 F.2d 457 (2d Cir. 1965), cert. denied, 382 U.S. 811, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965). With regard to the second statement, since plaintiffs had already purchased substantially all their Kress shares before the statement was made, any claim that they relied on the statement would appear frivolous.

Since the complaint fails to state a Federal question, jurisdiction, if any, must depend on diversity of citizenship. As Judge McLean concluded, "This is essentially a corporate claim, to be asserted by Kress or by Kress's stockholders on its behalf in a derivative action." In any derivative action for waste, Kress is an indispensable party which, for purposes of diversity jurisdiction, would be aligned as a defendant. Smith v. Sperling, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957). Since plaintiffs and Kress are citizens of New York, there is no diversity. This would be true even though under New York law plaintiffs may maintain a representative action for dissolution of Kress, Leibert v. Clapp, 13 N.Y.2d 313, 247 N.Y.S.2d 102, 196 N.E.2d 540 (1963), since Kress would be an indispensable party defendant in an action for its own dissolution. See, New York Business Corporation Law, § 1106(c); Consolidated Electric Coop. v. Panhandle E. Pipeline Co., 189 F.2d 777 (8th Cir. 1951); 16A Fletcher, Corporations, § 8102 (1962 Revised Vol.).

Absent a Federal question and diversity, defendants' motion to dismiss the complaint is granted for lack of jurisdiction.

Settle order on notice.

---

3. For the same reason, the allegations of the amended complaint do not give rise to a cause of action under Sections 14(a) and 18(a) of the Act. The Kress stockholders were not asked to approve the transactions described in the proxy statement, Hoover, supra, 241 F.Supp. at 230, and the annual reports were not "filed" within the meaning of Section 18(a). Heit v. Weitzen, 260 F.Supp. 598 (S.D. N.Y.1966). Moreover, the proxy statement and the annual reports were issued after plaintiffs had purchased substantially all of their Kress shares, so they cannot show reliance thereon in making their purchases. See, List v. Fashion Park, Inc., 340 F.2d 457 (2d Cir. 1965), cert. denied, 382 U.S. 811, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965).

4. In *Laurenzano*, the court was considering alleged violations of Section 14(a), (c) of the Act. The quoted passage, however, is equally applicable to violations of Section 10(b) as is evidenced by the citation of O'Neill v. Maytag.