William J. Cbangle, J.
Plaintiff is a minority shareholder of the defendant corporation and brings this action for dissolution of the corporation under the equitable principle enunciated in Leibert v. Clapp (13 N Y 2d 313), to the effect that the relief of dissolution is available as a matter of judicial sponsorship when the majority shareholders are looting a corporation’s assets and have abandoned their fiduciary duty to bring about dissolution in a proper case, but continue the corporation’s existence solely for their own benefit at the expense of the minority shareholders and for the purpose of forcing them to sell and sacrifice their holdings.
The corporation operates a drive-in theatre at Rome, New York. The individual defendants are majority shareholdérs. All of them except Marion Goldstein, who is deceased, are directors. The defendant, Louis Goldstein, is president and general manager and owns 50% of the shares outstanding. His brothers, Mav and Joseph Goldstein, live a considerable distance from the corporation’s only theatre and have in general left the business *736 affairs of the corporation to him. He confers with them as directors by telephone. Plaintiff is the only shareholder who is not a director or officer of the corporation.
A shareholders’ agreement divides the shares into two groups. One group consists of the shares of Louis Goldstein and the other consists of the shares of the remaining shareholders including plaintiff. The agreement provides that each group of shareholders is entitled to elect two directors and that the shareholders have a preference to acquire any stock which is for sale by shareholders of the same group. It further provides that a vote of 60% of the directors of each group shall be required for any action of the board of directors of the corporation.
The corporation has never declared a dividend. Until 1959 salaries were paid by the corporation to all the parties including plaintiff although only defendant Louis Goldstein rendered any services. Since then Louis Goldstein alone has received a salary. The accounts in most years have shown deficits. In June, 1967 the corporation went into receivership as a result of a derivative action commenced by plaintiff against Louis Gold-stein and the corporation. The receiver thereafter operated the theatre at a substantial profit and took in considerably greater gross receipts than previously was the case.
The derivative action resulted in findings: (1) that Louis Gold-stein over the years drew sums for telephone and automobile expenses totaling $9,104.15 in excess of the amount authorized by the resolution of the board of directors, (2) that he improperly expended corporate funds in the amount of $2,881.31 for advertising which benefited another' theatre which he owned, and (3) that he paid an attorney’s fee in the sum of $5,000 for defense of the derivative action which was not a proper charge to the corporation. Judgment was rendered to reimburse the corporation in these amounts and the receivership was concluded in 1971, after payment of the judgment.
An examination of the profit and loss statement for the years 1956 through 1967 shows a pattern which indicates that the expenses of the business including the salary of Louis Gold-stein were increased or decreased to conform with gross income in such a way that little or no profit was ever earned by the corporation. However there is no evidence that such expenses charged in any year were not in an amount fairly related to the business and to the services rendered and materials delivered and their value in the market. The court in the derivative action above referred to stated that compensation tó be paid corporate officers is “ subject to interference by the court ‘ only in cases *737 of clear abuse * * * bad faith or in fraud (Sandfield v. Goldstein, 33 A D 2d 376, 380).
Upon these facts plaintiff asserts that, in the words of the Leibert case (13 N Y 2d 313, supra), “ looting ” has taken place in the management of the corporation’s affairs and that it is necessary to conclude that the directors and majority stockholders are continuing the corporation’s existence solely for their own enrichment and to force plaintiff to sell her stockholdings at an unrealistic price. With this assessment of the evidence I cannot agree and must deny the remedy of court-decreed dissolution requested by the plaintiff.
The defendant Goldstein’s overdrawal of his expense account was openly done and made a part of the corporation’s records. Instead of relying on the 1959 resolution authorizing expenditures in the amount of $1,500 for telephone and automobile expenses he could have requested a new resolution. The plaintiff would, I think, be the first to agree that the directors have evidenced an inclination to be guided by their manager’s business judgment, and would quite likely have increased the expense account reimbursement to him at his request to conform with the actual expenditures being incurred. This would be entirely consistent with the actions of directors knowledgeable about the business but acting in reliance upon their manager’s more intimate knowledge of day-to-day operations and expenditures. In any event the overdrawal was not so significant or clandestine in the context of the over-all management authority given to the defendant Louis Goldstein as to be termed looting. The connotation of evil, if not criminal activity, contained in that word would require more than the evidence here supports.
The other two instances which plaintiff refers to as looting are given another complexion when considered from the point of view of one charged with the exercise of good business judgment. Corporate funds were expended by Louis Goldstein to pay for advertising which benefited a theatre owned by him personally in another community. The expenditures became a part of the corporate records and also benefited the corporation at a cost to Goldstein’s theatre because his theatre, in its area, projected announcements of programs to be run by the corporation’s theatre in Borne, thus widening the drawing power of the corporation’s theatre in the area where Goldstein’s theatre operated. In addition, the joint newspaper and printing advertising costs were considerably lower for each than would have been the case if both theatres ran separate advertising. In view of the relatively small sums involved and the impossibility of say *738 ing that the Rome theatre in the long run suffered a loss in the arrangement, the conclusion that looting was here intended is inappropriate. As for the payment of attorney’s fees in the derivative action it can only be said that a mistake as to the law was made and confirmed by the corporation’s attorney, as well as the Referee who heard the evidence in the derivative action. Certainly this cannot be labeled looting.
We have then, from the evidence, a family corporation with one outsider, the plaintiff, holding a minority of the shares of stock. The corporation is operated successfully enough to pay an adequate salary to Louis Goldstein, one of the family members and holder of 50% of the shares. However, though there are good years and bad during which his salary, and other expenses, fluctuate accordingly, the operation is never so successful that sufficient profit is earned to warrant a dividend. There is no showing of looting, diminution of the corporate assets or waste. The family management wishes to continue the corporation. As majority stockholders they have that right even though they and the minority stockholder are temporarily, at least, receiving no return upon their investment.
Plaintiff further argues that the stockholders ’ agreement concentrated control of the corporation in the Goldstein family and that this imposes upon them an additional fiduciary duty. If this is so, where then lies the abuse of its fiduciary duty? The plaintiff points to the board of directors’ acquiescence in the fluctuation of expenses and salaries during the good years and bad. But this pattern is not in itself evidence of bad faith. It cannot be presumed that the majority are voting against their own interests or that a conspiracy to “ squeeze out” plaintiff is taking place. There is no showing that the directors are stubbornly standing firm in the face of an obvious need for dissolution, refusing to exercise their fiduciary duty to do what is most favorable for all concerned. It is not shown that the majority of stockholders are manipulating the corporation in favor of any financial interest at variance with the interests of all of the stockholders or that they are doing any other than exercising their best business judgment in continuing the theatre corporation. (Fontheim v. Walker, 282 App. Div. 373.)
The complaint is therefore dismissed.
Decision was reserved upon the offer of plaintiff’s exhibits 15 through 21 inclusive. They are received in evidence and have been considered by the court.
In view of the findings and conclusions incorporated in this decision I do not deem it necessary to rule upon the other motions made by the defendants.