■ LILLIAN R. JACKSON et al., Suing Derivatively on Behalf of ASARCO, INCORPORATED, Respondents, v ASARCO INCORPORATED et al., Appellants. —

Order, Supreme Court, New York County (David Saxe, J.), entered on October 31, 1983, affirmed. Respondents shall recover of appellants $75 costs and disbursements of this appeal. Concur — Sandler, J. P., Carro, Asch and Fein, JJ.

Silverman, J., dissents in a memorandum as follows: ¶ I would reverse the order, so far as appealed from, and grant defendants' motion to dismiss the amended complaint under CPLR 3211 (subd [a], par 7) for failure to state a cause of action. ¶ The amended complaint contains many allegations whose relevance is not apparent and many *non sequiturs*. But there are no allegations of fact which bring into question the disinterestedness or independence of the large majority of the directors. The allegations of "conflicts of interest", to the extent that they might constitute conflicts of interest with respect to some other conceivable transaction, are not conflicts of interest with respect to the transaction here attacked — the grant of an increased retirement benefit to the retiring chairman. Feelings of friendship, "cronyism", do not constitute a disabling conflict of interest. No facts are alleged supporting the conclusory charges of fraud or bad faith. Nothing is alleged sufficient to take the case out of the business judgment rule. (See *Kalmanash v Smith*, 291 NY 142, 155-156; *Fontheim v Walker*, 306 NY 926, affg 282 App Div 373; *Auerbach v Bennett*, 47 NY2d 619, 631.)