*House & Home Serv.* v. *Newbery,* 3 N Y 2d 554; *Simons* v. *Fried,* 302 N. Y. 323; *Lynch* v. *Bailey,* 300 N. Y. 615). The temporary injunction is much too broad in any event (*Monroe Coverall Serv.* v. *Bosner,* 283 App. Div. 451). "When the facts upon which the right to a final judgment depends are a matter of substantial controversy between the parties, an injunction *pendente lite* will not be granted but the rights of the parties will be determined only after a trial of the issues." (*Voorhees & Hobart* v. *Hobart,* 251 App. Div. 111, 112.) All concur, except Halpern, J., who dissents in part and votes to dismiss the appeal insofar as it relates to the temporary injunction upon the ground that that part of the appeal is moot, the period covered by the temporary injunction having expired, and no bond having been given in connection with the injunction. (Appeal from an order of Jefferson Special Term denying defendant's cross motion for dismissal of plaintiff's complaint and granting plaintiff's motion for a temporary injunction.) Present— McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ. [17 Misc 2d 1085.]

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILFRED M. ROSE and DOLORES L. ROSE, Appellants.— Judgment of conviction and order affirmed. All concur. (Appeal from a judgment of Chautauqua County Court convicting defendant Dolores L. Rose of the crimes of attempted murder, first degree, assault, first and second degrees, and endangering the life and health of a child, and convicting Wilfred M. Rose of the crimes of assault, second degree, and endangering the life and health of a child. The order denied a motion for a new trial.) Present—McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.

◼ In the Matter of PIVOT PUNCH & DIE CORPORATION. ROBERT H. KING et al., Appellants; JOHN F. KOPCZYNSKI, Respondent.— Order modified to the extent of directing that the hearing be before the court and not a referee, and as modified affirmed, with $50 costs and disbursements to the respondent. Memorandum: Recognizing, as we do, the principles enunciated in the *Matter of Radom & Neidorff* (307 N. Y. 1) we find in this record sufficient conflicting averments in the lengthy affidavits and voluminous documentary evidence to sustain the determination of Special Term that a hearing should be held to give the parties an opportunity to present their proofs on the controverted issues (cf. *Matter of Whitehall Art Co.,* 6 A D 2d 399). In view of the holding in *Matter of Seamerlin Operating Co.* (307 N. Y. 407, 416) that under section 113 of the General Corporation Law, Special Term may not review the findings of a referee but becomes *functus officio* after the appointment of a referee and in the exercise of a proper discretion (*Matter of Whitehall Art Co., supra,* p. 400) the hearing should be held before the court and not a referee. All concur. (Appeal from an order of Erie Special Term denying motions to amend the title to the proceeding and to dismiss the petition, granting petitioner's cross motion to strike out respondents' motion to dismiss, and other relief, in an action to dissolve a corporation.) Present—McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.

◼ GEORGE E. MEAD, SR., Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order of Oneida Special Term directing defendant to furnish plaintiff's attorney for examination a typewritten transcription of the stenographic minutes of a statement extracted from plaintiff.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

◼ In the Matter of JOHN W. RICHARDSON, as Commissioner of Public Safety of the City of Oswego, Petitioner, against HENRY A. HUDSON, a Justice of the Supreme Court of the State of New York, Respondent.—