OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the negative.
 

 The legislative history of Business Corporation Law § 1118 contains nothing to indicate why it accorded a buy-out privilege in any proceeding brought pursuant to section 1104-a but not with respect to a dissolution proceeding under Business Corporation Law § 1104. We agree with the Appellate Division, however, that the holder of 50% of a close corporation’s stock is a holder “of twenty percent or more” of such a corporation’s outstanding stock, that a proceeding for dissolution brought under both Business Corporation Law §§ 1104 and 1104-a is a
 
 *977
 
 “proceeding brought pursuant to section [1104-a],” and that, therefore, respondent, as the holder of 50% of the outstanding stock of Cristo Brothers, Inc., was entitled to buy out petitioner’s shares pursuant to Business Corporation Law § 1118.
 

 Petitioner argues that respondent should not be permitted to buy him out while at the same time denying the allegations of oppressive action and waste on which an 1104-a proceeding depends and that if permitted to do so respondent will unfairly obtain the sole advantage of the corporation’s tax loss. Those factors may affect the “fair value” to be determined under section 1118 (b) (an issue on which we express no present opinion); but in light of the provisions of section 1118 (a) that the buy-out election must be exercised within 90 days after the filing of the petition unless that time is extended by the court, and of section 1118 (b) that after such an election the dissolution proceeding shall be stayed upon application by the prospective purchaser and that fair value is to be determined as of the day prior to the date on which the 1104-a petition was filed, it is clear that the Legislature did not regard either factor as an impediment to the exercise of the buy-out privilege it accorded other shareholders in such a proceeding.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur in memorandum.
 

 Order affirmed, etc.