OPINION OF THE COURT
Richard Lane, J.
This is a petition for dissolution pursuant to Business Corporation Law § 1104 (a) (1), (2) and (3) premised on irreconcilable *217 differences between the two officers and directors and 50% shareholders.
Respondent does not controvert the irreconcilable differences but contents himself with a buy-out election pursuant to Business Corporation Law § 1118 and moves for a stay pending determination of fair market value of petitioner’s shares.
Respondent has perhaps understandably confused a petition brought under Business Corporation Law § 1104 (a) with one brought under Business Corporation Law § 1104-a. The section 1118 buy-out election is available only in the latter case. The Court of Appeals has wondered out loud why the Legislature gave a buy-out privilege in a proceeding under section 1104-a where the other party is being charged with oppressive, indeed, even fraudulent, activities, and not under section 1104 (a) where the other party is being charged merely with disagreement (Matter of Cristo Bros., 64 NY2d 975, 976). Perhaps the answer lies in the fact that a proceeding under section 1104-a may be brought by a minority of as few as 20% of the shareholders against a functioning corporation. On the other hand, a proceeding under section 1104 (a) requires 50% of the shareholders or at least enough to render the process of corporate voting futile. Under these circumstances, there would no longer be a legally functioning corporation. In any event, the difference is crucial. (Matter of Duffy, 97 AD2d 694; Matter of Public Relations Aids, 109 AD2d 502; see, Matter of Cristo Bros., supra.)
Petition granted and respondent’s motion for a stay denied.