■ SAMUEL GREER, Appellant, v WILLIAM H. GREER et al., Respondents. (Matter No. 1.) In the Matter of GREER TOYOTA, LTD. WILLIAM H. GREER, Respondent; SAMUEL GREER, Appellant. (Matter No. 2.) In the Matter of GREER BUILDING, INC. WILLIAM H. GREER, Respondent; SAMUEL GREER, Appellant. (Matter No. 3.)

The appellant Samuel Greer and the temporary receiver William Hubert Greer are brothers who each own 50% of the shares of the subject corporations. After apparently operating a Toyota dealership amicably for many years, the brothers, over the last several years, have been unable to agree on how the business should be run. This dissension, as testified to by employees and the brothers themselves, has led to an inability to agree on any corporate decisions including the hiring and firing of employees, the election of officers and the allocation of corporate spending. Additionally, each brother alleged that the other misappropriated corporate money for his personal use.

In light of this clear evidence of dissension, the court properly granted the petitions for dissolution of the corporations pursuant to Business Corporation Law § 1104 which provides, *inter alia:*

"(a) Except as otherwise provided in the certificate of incorporation under section 613 (Limitations on right to vote), the holders of one-half of all outstanding shares of a corporation entitled to vote in an election of directors may present a petition for dissolution on one or more of the following grounds:

"(1) That the directors are so divided respecting the management of the corporation's affairs that the votes required for action by the board cannot be obtained.

"(2) That the shareholders are so divided that the votes required for the election of directors cannot be obtained.

"(3) That there is internal dissension and two or more factions of shareholders are so divided that dissolution would be beneficial to the shareholders".

In the case of a close corporation the relationship between the shareholders is akin to that of partners and when the relationship begins to deteriorate, the ensuing deadlock and dissension can effectively destroy the orderly functioning of the corporation (see, Matter of Ronan Paint Corp., 98 AD2d 413). In such a case, dissolution is an appropriate remedy available to the court. Accordingly, we find that the court properly ordered the dissolution of these corporations in light of the undisputed evidence of the intense strife between the brothers, which has effectively crippled their ability to operate the corporations.

We reject the appellant's contention that the court erred in refusing to permit him to buy out his brother's interest in the corporations, an offer which was not made until after the hearing was concluded. Business Corporation Law § 1118, the buy-out provision, applies only to petitions brought pursuant to Business Corporation Law § 1104-a and therefore does not apply to the present action which was brought pursuant to section 1104 (see, Matter of Cristo Bros., 64 NY2d 975).

Lastly, the court properly exercised its discretion in appointing William Hubert Greer as general manager and temporary receiver of the corporations. Firstly, it was established at trial and conceded by the appellant that William Hubert Greer has almost exclusively run the dealership for the last several years. Additionally, the dealership agreement with Toyota placed managerial control with William. In regard to William's appointment as temporary receiver, we conclude that sufficient safeguards were imposed to protect the appellant's interest in the corporations. The court ordered William to post a $500,000 bond and restrained him from selling any corporate property. Additionally, he will have to account to the appointed Referee for any money taken out of the corporation for his personal use. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.