■ In the Matter of the Dissolution of LAKE MAHOPAC TAILOR, INC. CARL J. IACOVONE, Appellant; ELIZABETH M. IACOVONE, Respondent.—In a proceeding pursuant to Business Corporation Law § 1104 for judicial dissolution of Lake Mahopac Tailor, Inc., Carl Iacovone appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County (Dickinson, J.), dated February 19, 1988, as denied the petition for judicial dissolution and granted the cross petition of Elizabeth Iacovone to appoint an appraiser to determine the fair value of the petitioner's shares pursuant to Business Corporation Law § 1118.

Ordered that the order is modified by (1) deleting the provision thereof denying the petition for judicial dissolution, and (2) deleting the provision granting the cross petition, and substituting therefor a provision denying the cross petition; as so modified, the order is affirmed insofar as appealed from, with costs to the petitioner, and the matter is remitted to the Supreme Court, Putnam County, for an evidentiary hearing to determine whether the petitioner owns at least one half of the shares of the corporation and whether grounds exist for dissolution of the corporation pursuant to Business Corporation Law § 1104.

Lake Mahopac Tailor, Inc., is a closely held corporation in the business of dry cleaning since 1967. At the corporation's inception, 90 shares of stock were allegedly divided equally among the petitioner, Carl J. Iacovone, the respondent, Elizabeth M. Iacovone, and Patsy Iacovone. The petitioner claims that in 1982 the corporation purchased and retired the 30

shares held by Patsy Iacovone and that he and the respondent each own 30 of the 60 shares still outstanding. The respondent maintains that in 1980 she, the petitioner, and her son, Peter Iacovone, each purchased 10 shares from Patsy Iacovone.

In September 1987, the petitioner commenced this proceeding for judicial dissolution of the corporation pursuant to Business Corporation Law § 1104 on the grounds, *inter alia,* that his attempt to redeem his stock resulted in a deadlock in the management of the corporation. The respondent asserted that the controversy merely concerns the valuation of the petitioner's interest in the corporation and she purportedly elected to purchase his shares upon a determination of their fair value pursuant to Business Corporation Law § 1118. The Supreme Court denied the petition for dissolution, in part because there was no allegation that the corporation was being operated in an unprofitable manner, and instead directed the appointment of an appraiser to assess the value of the corporation for the purpose of effectuating the sale of the petitioner's shares.

We find that a question of fact exists as to whether the petitioner holds one half of the outstanding shares giving him standing to maintain the proceeding for judicial dissolution *(see,* Business Corporation Law § 1104 [a]; *Matter of Rappaport,* 110 AD2d 639; *Matter of Tavlin v Munsey Candlelight Corp.,* 69 AD2d 865). We also conclude that the circumstances of this case warrant evidentiary inquiry into whether grounds exist for judicial dissolution *(see,* Business Corporation Law § 1104). Therefore, this matter is remitted for an evidentiary hearing on these issues.

The court incorrectly directed the appointment of an appraiser to assess the value of the corporation. It is well established that the buy-out remedy set forth in Business Corporation Law § 1118 does not apply where the dissolution proceeding is brought pursuant to Business Corporation Law § 1104 *(see, Matter of Cristo Bros.,* 64 NY2d 975; *Greer v Greer,* 124 AD2d 707, *appeal dismissed* 69 NY2d 947).

We have reviewed the parties' remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.