■ In the Matter of Frank Sternberg, Respondent. Arnold Osman, Appellant, et al., Respondent.—In a special proceeding for the judicial dissolution of Long Island Paneling Centers, Inc., pursuant to Business Corporation Law § 1104, Arnold Osman, a 50% shareholder in Long Island Paneling Centers, Inc., appeals from an order of the Supreme Court, Nassau County (Molloy, J.), dated December 28, 1989, which, after a hearing, granted the petition of the remaining 50% shareholder, Frank Sternberg, to dissolve Long Island Paneling Centers, Inc., and to appoint a permanent receiver, and which denied his cross motion, *inter alia,* to dismiss the dissolution petition, or, alternatively, to compel relief pursuant to Business Corporation Law §§ 1104-a and 1118.

Ordered that the order is affirmed, with costs.

We note as a threshold matter that the petitioner's failure to comply with the letter of the notice requirements of Business Corporation Law § 1106 was not a jurisdictional defect *(cf., Matter of Slepian v Beanstalk Rests.,* 75 AD2d 749, 750). In any event, any failure in that respect is now academic because all "interested persons", such as the managers of the satellite stores, have long had actual notice of the impending dissolution *(Matter of Slepian v Beanstalk Rests., supra),* and have even moved to intervene in these proceedings. Moreover, the parties do not dispute that the tax authorities have been actively involved in the affairs of Long Island Paneling Centers, Inc., for some time.

There is no merit to Arnold Osman's suggestion that, for various reasons, the instant proceeding should be converted into a proceeding for common-law dissolution, or a proceeding pursuant to Business Corporation Law § 1104-a, triggering his right to buy out the petitioner's shares under Business Corporation Law § 1118.

The appellant's request for a conversion is made for the first time on appeal. In any event, the remedy of common-law dissolution is available *only* to minority shareholders who accuse the majority shareholders and/or the corporate officers or directors of looting the corporation and violating their

fiduciary duty. Here, both Osman and Sternberg are each 50% shareholders, and they constitute all of the officers and directors of Long Island Paneling Centers, Inc., with the result that neither is qualified to request common-law dissolution *(see, e.g., Leibert v Clapp,* 13 NY2d 313; *Lewis v Jones,* 107 AD2d 931).

The record supports the Supreme Court's ruling that Sternberg adequately established that Long Island Paneling Centers, Inc., should be dissolved because of deadlock and dissension pursuant to Business Corporation Law § 1104, both in his affidavits *(see, Matter of Garay v Langer,* 37 AD2d 545, *affd* 30 NY2d 493; *Matter of Gordon & Weiss,* 32 AD2d 279) and at the hearing *(Greer v Greer,* 124 AD2d 707). "At this stage, where dissolution is sought, the underlying reason for the dissension is of no moment; nor is it at all relevant to attempt to ascribe fault to either party. Rather, the critical consideration is the fact that dissension exists and has resulted in a deadlock precluding the successful and profitable conduct of the corporation's affairs" *(Matter of Ronan Paint Corp.,* 98 AD2d 413, 422; *cf., Matter of Pivot Punch & Die Corp.,* 15 Misc 2d 713, *mod on other grounds* 9 AD2d 861).

Since neither party pleaded the "special circumstances" enunciated in Business Corporation Law § 1104-a, and because the evidence adduced does not support any theory under Business Corporation Law § 1104-a, the appellant may not buy out the petitioner pursuant to Business Corporation Law § 1118. "Business Corporation Law § 1118, the buy-out provision, applies only to petitions brought pursuant to Business Corporation Law § 1104-a and therefore does not apply to the present [proceeding] which was brought pursuant to section 1104" *(Greer v Greer, supra,* at 708; *see also, Matter of Cristo Bros.,* 64 NY2d 975).

The appellant failed to carry his burden of proving that the five satellite corporations and Long Island Paneling Centers, Inc., were a single, unified franchise, either for the purpose of piercing the corporate veil, or in order to demonstrate that Long Island Paneling Centers, Inc., could not be dissolved without bringing about the involuntary dissolution of the remaining five corporations, or to establish that the petitioner's share in the six-store enterprise was less than 50%, which would have disqualified him from petitioning for relief under Business Corporation Law § 1104. Indeed, although the six stores shared interlocking officers and directors to varying degrees, each satellite had its own manager and conducted its day-to-day operations essentially independently. The main

store's involvement in the satellites' business was largely service-oriented, based on the principle that everyone's costs would be minimized and profits maximized by a cooperative effort. This sort of cooperation for the mutual benefit of all six affiliated corporations is not the "parent-and-shell" "alter-ego" situation looked for by courts to justify piercing the corporate veil *(cf., Pebble Cove Homeowners' Assn. v Fidelity N. Y.,* 153 AD2d 843). It is also apparent that upon the dissolution of Long Island Paneling Centers, Inc., the five satellites are quite capable of either recreating this centralized administrative office in one of the surviving stores, or independently performing their own administrative tasks. Sullivan, J. P., Balletta, Lawrence and Santucci, JJ., concur.