OPINION OF THE COURT
Marquette L. Floyd, J.
This petition by a 50% shareholder seeking a dissolution of *520 a corporation known as Southampton Brick & Tile, Inc. is granted to the following extent:
During a hearing of this matter held on May 17 and May 20, 1993, the petitioner made an oral motion to disqualify respondent’s counsel, Mr. Munzel, on the basis that Mr. Munzel previously represented the corporation, the petitioner and respondent, thereby creating a conflict of interest.
As stated in Burdett Radiology Consultants v Samaritan Hosp. (158 AD2d 132, 134-135), " '[T]he Code of Professional Responsibility directs that a lawyer who ought to be called as a witness on behalf of his client shall withdraw from the conduct of the trial and his firm shall not continue representation’ (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 444 [emphasis in original]; see, Code of Professional Responsibility EC 5-9; DR 5-102). Whether an opposing party intends to call the attorney as a witness is not dispositive of whether the attorney ought to be called (see, L & W Supply Corp. v Ruthman, 135 AD2d 877, 878). A finding that the attorney’s testimony is necessary is required, and the attorney’s 'relevant knowledge’ or 'involve[ment] in the transaction at issue’ is not determinative (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra, at 445; see, Plotkin v Interco Dev. Corp., 137 AD2d 671, 673). 'Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence’ (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra, at 446).”
Other than petitioner’s objection to Mr. Munzel continuing as counsel, petitioner has not made any showing to this court’s satisfaction regarding the testimony he seeks nor whether that testimony is relevant or necessary. Moreover, it is abundantly obvious to this court that this motion introduced on the eve of trial after 10 months of prior discussion and negotiations is merely interposed as a delaying tactic that seeks to thwart respondent’s defense.
Regarding respondent’s request to characterize these proceedings as one denominated under Business Corporation Law § 1104-a rather than Business Corporation Law § 1104, thereby invoking the buyout remedy of Business Corporation Law § 1118, it is well settled that the buyout remedy set forth in Business Corporation Law § 1118 does not apply where the dissolution proceeding is brought pursuant to Business Corpo *521 ration Law § 1104. (Matter of Lake Mahopac Taylor [Iacovone], 146 AD2d 774.) Here, petitioner commenced this judicial proceeding within the confines of Business Corporation Law § 1104 and not Business Corporation Law § 1104-a. The procedural implication of commencing a proceeding under Business Corporation Law § 1104-a rather than Business Corporation Law § 1104 permits a respondent to invoke the buyout remedy of Business Corporation Law § 1118 and purchase the complaining shareholder’s stock fixed after a valuation hearing held by the court. Although respondent insists that certain paragraphs of the petition that allege "waste and corporate looting” are, in essence, allegations under section 1104-a rather than section 1104 thereby invoking respondent’s election to purchase the petitioner’s shares, this court is unable to find any reported judicial opinion or statutory authority that would permit this court to convert this proceeding from Business Corporation Law § 1104 to Business Corporation Law § 1104-a.
While the Court of Appeals in Matter of Cristo Bros. (64 NY2d 975) stated that "a proceeding for dissolution brought under both Business Corporation Law §§ 1104 and 1104-a is a 'proceeding brought pursuant to section 1104-a,’ and that, therefore, 'respondent, as the holder of 50% of the outstanding stock * * * was entitled to buy out petitioner’s shares pursuant to Business Corporation Law § 1118,” a review of the instant petition fails to reveal any reference to Business Corporation Law § 1104-a.
Further, respondent’s reliance upon Matter of Del Bueno v Barrionuenvo (147 AD2d 392) for the proposition that when a court is confronted with allegations contained within a petition for dissolution that is brought under Business Corporation Law § 1104 but that reflect allegations under Business Corporation Law § 1104-a, the court is permitted to characterize this proceeding as one under Business Corporation Law § 1104-a and direct a hearing to value the petitioner’s shares, is misplaced. In Del Bueno (supra) the Appellate Division, First Department, explicitly stated that although the "proceeding stated that it was based on Business Corporation Law § 1104 * * * [and] the petition contained allegations which raised issues under both Business Corporation Law §§ 1104 and 1104-a * * * paragraph 54 of the petition stated that the proceeding was brought under both Business Corporation Law §§1104 and 1104-a.” (Emphasis added.)
To reiterate, in the instant matter the petition is devoid of *522 any statutory reference to Business Corporation Law § 1104-a. Inasmuch as the petitioner is required by Business Corporation Law § 1105 to "specify the section[s] * * * under which [a petition for dissolution] is authorized” and he has chosen to commence this proceeding under Business Corporation Law § 1104 rather than Business Corporation Law § 1104-a, this court is mandated to accept the petition as filed.
Accordingly, this matter is to proceed under Business Corporation Law § 1104 and an evidentiary hearing held to determine the efficacy of the allegations raised in the petition.