■ WHITMAN & RANSOM, Appellant, v ROMMY H. REVSON, Respondent. [632 NYS2d 567] —Order, Supreme Court, New York County (Angela Mazzarelli, J.), entered on or about August 3, 1994, which denied plaintiff's motion for summary judgment, unanimously affirmed, with costs.

The IAS Court properly determined that questions of fact exist sufficient to preclude granting summary judgment dismissing defendant's legal malpractice counterclaim. First, the IAS Court was correct in holding that defendant is not collaterally estopped from advancing her counterclaim. After the parties terminated the attorney-client relationship, defendant's adversary in the underlying arbitration action sued her in Federal District Court, Eastern District of Pennsylvania to enforce an alleged settlement of the arbitration in which plaintiff represented defendant. The District Court's decision that a settlement agreement had been reached was based in part upon the fact that defendant signed a document dated February 12, 1993 that stated that all parties were estopped to deny the material terms of the settlement (*Matter of New L & N Sales & Mktg. v Revson*, US Dist Ct, ED Pa, June 23, 1993, Newcomer, J., index No. 92-0376). Defendant is not collaterally estopped from proving that plaintiff committed legal malpractice in misleading or coercing her into signing the estoppel agreement since the District Court never passed on the merits of such a claim (*see, Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, 276, *cert denied* 488 US 1005). Nor did the District Court address the issue whether the settlement agreement was improvident.

There also is no merit to plaintiff's argument that defendant is estopped from arguing that she was coerced into a settlement by her prior conduct in the settlement negotiations. Although defendant participated in settlement negotiations, her dissatisfaction with respect to plaintiff's services and the agreement is readily apparent from the record and she should not be precluded from advancing a claim based upon her assent to a settlement allegedly compelled by plaintiff's malpractice (*see, Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430). We also reject plaintiff's argument that there are no issues of fact as to whether the malpractice, if any, caused defendant damages. Concur—Rosenberger, J. P., Rubin, Ross and Nardelli, JJ.