■ In the Matter of MICHAEL A. GIORDANO, Appellant, v ROBERT M. STARK et al., Respondents. [645 NYS2d 517] —In a proceeding for the judicial dissolution of a corporation pursuant to Business Corporation Law § 1104, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated March 16, 1995, as denied the petition without a hearing, and granted those branches of the motion by the respondent Robert M. Stark which were to (1) dismiss the proceeding to the extent that it was based on Business Corporation Law § 1104, (2) convert the proceeding to one pursuant to Business Corporation Law § 1104-a, and (3) permit the respondent to elect to purchase the petitioner's interest in the corporation pursuant to Business Corporation Law § 1118.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion by the respondent Robert M. Stark which were to dismiss the proceeding to the extent that it was based on Business Corporation Law § 1104, convert the proceeding to one pursuant to Business Corporation Law § 1104-a, and permit the respondent Robert M. Stark to elect to purchase the petitioner's interest in the corporation pursuant to Business Corporation Law § 1118 are denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

Michael Giordano, who is the petitioner herein, and Robert Stark each own a 50% interest in Southampton Village Market, Inc. In July of 1994, Giordano commenced the subject proceeding for judicial dissolution of the corporation pursuant to Business Corporation Law § 1104. In his answer, Stark denied Giordano's allegations of deadlock and claimed that because the petition contained allegations of fraud, waste, loot-

ing, and diversion of funds, Giordano was actually seeking dissolution under Business Corporation Law § 1104-a, rather than section 1104. Stark contended that he should be permitted to purchase Giordano's interest in the corporation pursuant to Business Corporation Law § 1118.

In a motion brought by Stark at virtually the same time he filed his answer, Stark requested, *inter alia,* that the proceeding be converted to one pursuant to Business Corporation Law § 1104-a, and that the proceeding be dismissed to the extent that it sought dissolution under Business Corporation Law § 1104. In the order which is the subject of this appeal, the Supreme Court, *inter alia,* denied, without a hearing, the petitioner's application for dissolution pursuant to Business Corporation Law § 1104, but permitted the proceeding to continue pursuant to Business Corporation Law § 1104-a, thereby giving Stark the opportunity to acquire Giordano's interest in the corporation pursuant to Business Corporation Law § 1118.

A plain reading of Business Corporation Law § 1118 indicates that the buyout option under that section is not available in a proceeding brought exclusively pursuant to Business Corporation Law § 1104 *(see, Matter of Lake Mahopac Tailor [Iacovone],* 146 AD2d 774; *Greer v Greer,* 124 AD2d 707; *cf., Matter of Cristo Bros.,* 64 NY2d 975; *Matter of Public Relations Aids,* 109 AD2d 502). Because it is the petitioner who chooses the statutory basis for dissolution *(see,* Business Corporation Law § 1105), it was error to convert the proceeding, over the petitioner's objection, to a proceeding pursuant to Business Corporation Law § 1104-a *(see, Matter of Sternberg,* 181 AD2d 897; *Matter of Southampton Brick & Tile,* 159 Misc 2d 519, 521).

Moreover, the Supreme Court erred in denying the petition for dissolution under Business Corporation Law § 1104 without conducting a hearing. The allegations in the petition and its supporting papers were prima facie sufficient to establish a basis for dissolution pursuant to Business Corporation Law § 1104. In light of the conflicting affidavits by the parties regarding the relevant facts, the Supreme Court should have conducted a hearing before determining whether dissolution was warranted *(see,* Business Corporation Law § 1109; *Matter of Kournianos,* 175 AD2d 129; *Matter of MacDougall,* 150 AD2d 160; *Matter of Ricci v First Time Around,* 112 AD2d 794; *Matter of Rosen,* 102 AD2d 855). Of course, if the parties can reach an agreement whereby one acquires the other's interest in the corporation, there would be no need for continuation of the

proceedings *(see, Matter of Sternberg,* 181 AD2d 899). Miller, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.