■ In the Matter of ANGELO TOSCANO, Respondent, v SOUTHAMPTON BRICK & TILE, INC., Respondent, and ANTHONY TOSCANO, Appellant. [650 NYS2d 297] —In a proceeding seeking the judicial dissolution of a corporation pursuant to Business Corporation Law § 1104, Anthony Toscano appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated March 15, 1995, as denied the petition and dismissed the proceeding. The appeal brings up for review so much of an order of the same court dated August 19, 1993, as denied those branches of the appellant's motion which were to (1) deem the petition for dissolution under Busi-

ness Corporation Law § 1104 (a) (3) as one also under Business Corporation Law § 1104-a, and (2) stay the dissolution proceeding pending a valuation hearing pursuant to Business Corporation Law § 1118.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In this proceeding, the petitioner, Angelo Toscano (hereinafter Angelo), requested dissolution of a corporation of which both he and his brother, the appellant Anthony Toscano (hereinafter Anthony), were 50% shareholders. Pursuant to the requirement of Business Corporation Law § 1105 that a petition specify the section or sections under which it is authorized, the petition cited Business Corporation Law § 1104. The appellant opposed the petition, arguing that the petition should be converted to one pursuant to Business Corporation Law § 1104-a, and that he elected to purchase Angelo's shares pursuant to Business Corporation Law § 1118. Anthony moved for a stay of the dissolution proceeding pending a hearing to determine the fair value of Angelo's shares. The Supreme Court denied Anthony's request to deem the proceeding one brought pursuant to Business Corporation Law § 1104-a, concluding that since the only relief requested was pursuant to Business Corporation Law § 1104, the court was bound by that designation, and Anthony was thus unable to avail himself of the buyout remedy set forth in Business Corporation Law § 1118.

The Supreme Court correctly denied Anthony's application to have the petition deemed one brought pursuant to Business Corporation Law § 1104-a and to stay the proceeding for a valuation hearing pursuant to Business Corporation Law § 1118. A plain reading of Business Corporation Law § 1118 indicates that the buyout option is not available in this proceeding brought exclusively pursuant to Business Corporation Law § 1104 *(see, Matter of Giordano v Stark,* 229 AD2d 493; *Matter of Lake Mahopac Tailor,* 146 AD2d 774). It is the petitioner who chooses the statutory authority under which relief is sought *(see,* Business Corporation Law § 1105; *Matter of Giordano v Stark, supra).* The Supreme Court may not convert the proceeding, absent the permission of the petitioner, to a proceeding pursuant to Business Corporation Law § 1104-a *(see, Matter of Giordano v Stark, supra; see also, Matter of Sternberg,* 181 AD2d 897). Sullivan, J. P., Joy, Krausman and McGinity, JJ., concur.