■ U.S. Ice Cream Corp. et al., Respondents, v Irving Bizar et al., Appellants. [659 NYS2d 492] —In an action, inter alia, to recover counsel fees paid based on legal malpractice, the defendants appeal from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated April 25, 1996, as denied their motion to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the pleadings are to be liberally construed, accepting all the facts alleged in the complaint to be true and according the plaintiffs the benefit of every possible inference *(see, Leon v Martinez,* 84 NY2d 83).

In the instant matter, a prior proceeding pursuant to Judiciary Law § 475 resulted in an adjudication that the defendant law firm engaged in numerous instances of improper billing in the underlying litigation in which it represented the plaintiffs. On the defendant law firm's previous appeal that adjudication was affirmed *(see, Matter of Bizar & Martin v U.S. Ice Cream Corp.,* 228 AD2d 588).

"[T]he relationship between an attorney and his client is a fiduciary one and the attorney cannot take advantage of his superior knowledge and position" *(Greene v Greene,* 56 NY2d 86, 92; *see also, Graubard Mollen Dannett & Horowitz v Moskovitz,* 86 NY2d 112, 118). As a fiduciary, the lawyer is obliged to exercise the highest degree of good faith, honesty, integrity, fairness, and fidelity and may not have personal interests antagonistic to those of his client *(see, Condren v Grace,* 783 F Supp 178). "The fiduciary obligations are the foundation of the attorney-client relationship and enable a client to fully reveal confidences and to repose unhesitating trust in the attorney's ability to represent the client's interests diligently and competently" (2 Mallen & Smith, Legal Malpractice § 14.1, at 230 [4th ed]).

The plaintiffs' complaint alleges, *inter alia,* that they paid $900,000 in legal fees to achieve a settlement of $1,250,000, and that the defendant law firm's improper attempts to obtain even greater remuneration coerced the plaintiffs into settling the underlying action. As the Supreme Court correctly held, these "serious allegations" are sufficient to support a cause of action sounding in legal malpractice insofar as the allegations rest upon a theory that despite settlement of the underlying action, the decision to settle was effectively compelled by the alleged misconduct of counsel *(see, Whitman & Ransom v Revson,* 220 AD2d 321; *Bernstein v Oppenheim & Co.,* 160 AD2d 428; *Cohen v Lipsig,* 92 AD2d 536; *Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine,* 59 AD2d 551, *affd on concurring opn of Suozzi, J.,* 45 NY2d 730). Such alleged misconduct gives rise to a cause of action for the return of the $900,000 paid to the defendants pursuant to the contract of retainer whether or not the plaintiffs could prove that they would have obtained a greater recovery in the underlying ac-

tion but for the defendants' alleged misconduct *(cf., Andrews Beverage Distrib. v Stern,* 215 AD2d 706). Accordingly, the court correctly denied the defendants' motion to dismiss the complaint.

The defendants' remaining contentions are without merit. Miller, J. P., Sullivan, Santucci and Joy, JJ., concur.