[726 NYS2d 679]

Joseph E. Collins, Appellant, v Telcoa International Corp. et al., Respondents, et al., Defendants.

Second Department, June 11, 2001

## APPEARANCES OF COUNSEL

*Bailey & Sherman, P. C.,* New York City (*Edward G. Bailey* of counsel), for appellant.

*Blank Rome Tenzer Greenblatt, L. L. P.,* New York City (*Matthew K. Breitman* and *Martin P. Unger* of counsel), for respondents.

## OPINION OF THE COURT

FRIEDMANN, J.

At issue on the instant appeal, *inter alia,* is whether a corporate shareholder may sue for money damages where the corporation sells all or substantially all of its assets, the sale is not made in the usual or regular course of business, the corporation fails to give the shareholder proper notice of that action as required by Business Corporation Law § 909 (a), and the shareholder does not bring a proceeding to value his shares pursuant to Business Corporation Law § 623. We hold that under these circumstances, a shareholder may sue for money damages.

### THE FACTS

The plaintiff in the instant case is allegedly a minority (5%) shareholder in two closely-held corporations, the defendants Telcoa New York Corp. (hereinafter Telcoa NY) and Central Station Signals, Inc. (hereinafter CSSI). He also allegedly owned 510,000 shares (about 10%) of the defendant Telcoa International Corp. (hereinafter Telcoa Int), a publicly-traded corporation which owned 85% of Telcoa NY and CSSI (hereinafter collectively referred to as the Telcoa companies). The defendants Robert Dolin and Mortimer Krell each owned 5% of Telcoa NY and CSSI. Dolin and Krell, who controlled the Telcoa companies, wanted to sell them to another company, but the plaintiff opposed the sale. Eventually, Dolin and Krell sold the assets of the Telcoa companies to the defendants Alarmguard, Inc. and Alarmguard Holdings, Inc. (collectively referred

to as Alarmguard), without informing the plaintiff of the sale, as required by Business Corporation Law § 909 (a).

After learning of the sale, the plaintiff brought the instant action against, among others, the Telcoa companies, Dolin, and Krell, asserting a total of 12 causes of action. In the first cause of action, the plaintiff seeks, *inter alia,* dissolution of Telcoa NY and CSSI and/or payment of the fair value of his interest in those corporations; the second and third causes of action seek, respectively, to enjoin the sale of the Telcoa companies' assets to Alarmguard and to set aside the agreement selling those assets to Alarmguard. His fourth and fifth causes of action seek money damages (including punitive damages) from Dolin and Krell for breach of fiduciary duty by their acts of minority oppression. The sixth cause of action seeks money damages based on shares of Telcoa Int that were allegedly improperly issued to Dolin, Dolin's wife, and Krell, and which improperly diluted the plaintiff's percentage ownership of Telcoa Int. The ninth cause of action alleges that Dolin converted the plaintiff's share of the proceeds from the sale of the Telcoa companies' assets. The plaintiff also asserts an eleventh cause of action for legal malpractice against the defendant Barry M. Lasky, the attorney for the Telcoa companies. Finally, the twelfth cause of action alleges that Lasky, Dolin, and Krell aided and abetted each other in their breaches of fiduciary duty to the plaintiff and are therefore jointly and severally liable to the plaintiff as co-conspirators.

The Telcoa companies, Lasky, Dolin, and Krell moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. The Supreme Court partially granted the motion, dismissing, *inter alia,* the plaintiff's fourth, fifth, sixth, ninth, eleventh, and twelfth causes of action. Essentially, the court concluded that because the plaintiff had requested that he be awarded the fair value of his interests in the Telcoa companies, the instant action was essentially an appraisal proceeding pursuant to Business Corporation Law § 623. Therefore, it concluded that the plaintiff could seek equitable relief in addition to having the court value his interest in the Telcoa companies, but was barred from seeking money damages. It also concluded that the eleventh cause of action did not adequately state a cause of action to recover damages for legal malpractice against Lasky and that the twelfth cause of action failed to allege an actionable underlying tort sufficient to establish that the individual defendants' actions flowed from a common scheme or plan. On appeal by the plaintiff, we reverse

the order insofar as appealed from, reinstate the fourth, fifth, sixth, ninth, eleventh, and twelfth causes of action, and reconvert the proceeding to an action.

It is axiomatic that on a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez,* 84 NY2d 83, 87-88; *see, Lakeville Pace Mech. v Elmar Realty Corp.,* 276 AD2d 673; *U.S. Ice Cream Corp. v Bizar,* 240 AD2d 654). Moreover, a plaintiff may plead inconsistent causes of action (*see,* CPLR 3014, 3017 [a]; *Twitchell v MacKay,* 78 AD2d 125, 127).

Business Corporation Law § 909 (a) provides that the "sale * * * of all or substantially all the assets of a corporation, if not made in the usual or regular course of the business * * * shall be authorized only" where, *inter alia,* (1) the board "shall authorize the proposed sale * * * and direct its submission to a vote of shareholders"; (2) "[n]otice of the meeting [is] given to each shareholder"; and (3) "the holders of two-thirds of [the] outstanding shares" approve the sale. Business Corporation Law § 623 (*l*) requires the corporation to give notice of such a meeting to shareholders. Pursuant to Business Corporation Law § 910 (a) (1) (B), a dissenting shareholder is entitled to receive payment for the fair value of his or her shares, and Business Corporation Law § 623 provides the procedure to enforce a dissenting shareholder's right to receive payment for those shares.

In *Alpert v 28 Williams St. Corp.* (63 NY2d 557, 567-568), the Court of Appeals stated the following with respect to the rights of a shareholder who dissents from a proposed merger:

> "Generally, the remedy of a shareholder dissenting from a merger and the offered 'cash-out' price is to obtain the fair value of his or her stock through an appraisal proceeding (*see,* Business Corporation Law, § 623). This protects the minority shareholder from being forced to sell at unfair values imposed by those dominating the corporation while allowing the majority to proceed with its desired merger * * * The pursuit of an appraisal proceeding generally constitutes the dissenting stockholder's exclusive remedy * * * An exception exists, however, when the merger is unlawful or fraudulent as

to that shareholder, in which event an action for equitable relief is authorized."

Once a dissenting shareholder brings a proceeding pursuant to Business Corporation Law § 623 to have his or her shares appraised, however, they may not also commence either an individual or derivative action for money damages (see, *Breed v Barton,* 54 NY2d 82, 85). "Allowing the prosecution of a legal action for damages after the exercise of the right of appraisal would be unnecessarily duplicative in that full and proper monetary recovery of the fair value of the dissenters' shares may be obtained in the appraisal proceeding" (*Breed v Barton, supra,* at 87; *see also, Schloss Assocs. v Arkwin Indus.,* 61 NY2d 700, *revg on dissenting opn of Mangano, J.,* 90 AD2d 149, 153-162).

In the instant case, it is clear that had the plaintiff been informed of the proposed sale of the Telcoa companies' assets, as required by Business Corporation Law § 909 (a), he would have opposed it. Given the total control of the Telcoa companies by Dolin and Krell, it is equally clear that the plaintiff's opposition to the sale would have been futile, and his only remaining remedy would have been to commence a proceeding pursuant to Business Corporation Law § 623 to obtain the fair value of his shares. However, because the plaintiff was not informed of the shareholder meeting at which the sale of the companies' assets was approved, that action would be null and void if the plaintiff was, in fact, still a shareholder when the sale took place (*see, Matter of Goldfield Corp. v General Host Corp.,* 29 NY2d 264, 269 ["failure to give notice in accord with the statute and the corporate by-laws would have rendered the election void, and, if void, a new election would have been required even without a showing that the results of the election would, or might have been different"]; *Lehman v Piontkowski,* 93 AD2d 809, 813, *affd* 61 NY2d 703 [where notice of special shareholder meeting did not state that specific action was to be a purpose of the meeting, said action was null and void]), and it would seem that he could successfully set aside the sale of the Telcoa companies' assets. In addition, contrary to the defendants' claims, the plaintiff's sole remedy is not valuation of his shares pursuant to Business Corporation Law § 623.

In connection with this, it is important to note, as the plaintiff emphasizes in his brief, that he did *not* commence the instant action pursuant to Business Corporation Law § 623. Rather, he requested common-law dissolution pursuant to *Leibert v Clapp* (13 NY2d 313; *see, Fedele v Seybert,* 250 AD2d

519; *Lewis v Jones,* 107 AD2d 931, 932 ["the Court of Appeals has recognized a common-law right to dissolution of a corporation * * * where the officers or directors of the corporation are engaged in conduct which is violative of their fiduciary duty to shareholders"]). In fact, the allegations in his complaint repeat, almost verbatim, language used by the Court of Appeals in *Leibert.*

### THE FOURTH AND FIFTH CAUSES OF ACTION

As noted above, the plaintiff's fourth and fifth causes of action seek money damages based on Dolin and Krell's alleged breach of fiduciary duty by their numerous acts of minority oppression, self-dealing, and fraud. It cannot be disputed that Dolin and Krell, as directors and majority shareholders of the Telcoa companies, had "an obligation to all shareholders to adhere to fiduciary standards of conduct and to exercise their responsibilities in good faith when undertaking any corporate action, including a merger" (*Alpert v 28 Williams St. Corp., supra,* at 568; *see, Giblin v Murphy,* 73 NY2d 769, 770). Had the plaintiff commenced the instant action as a valuation proceeding pursuant to Business Corporation Law § 623, his causes of action for money damages would have been dismissed. Since he did not, however, nothing prevents him from maintaining a cause of action for money damages against Dolin and Krell based on their alleged breaches of fiduciary duty (*see, Giblin v Murphy, supra; H.W. Collections v Kolber,* 256 AD2d 240; *Fedele v Seybert, supra; Independent Investor Protective League v Time, Inc.,* 66 AD2d 391, 393, *mod on other grounds* 50 NY2d 259).

### THE SIXTH CAUSE OF ACTION

In his sixth cause of action, the plaintiff alleges that in September 1996 there were 4,940,255 issued and outstanding shares of Telcoa Int; that the present number of issued and outstanding shares was about 6,300,000, due to the issuance of some 1,400,000 additional shares to Dolin, his wife, Joyce Dolin, and Krell; and that the issuance of these 1,400,000 shares was done without a valid corporate purpose, without Telcoa Int receiving fair consideration for the shares, and for the purpose of diluting the plaintiff's percentage of ownership of Telcoa Int. These allegations also properly state an individual cause of action on behalf of the plaintiff, and therefore, the Supreme Court improperly dismissed this cause of action (*see, Dunlay v Avenue M Garage & Repair Co.,* 253 NY 274; *Ham-*

*mer v Werner,* 239 App Div 38 [plaintiff shareholder could maintain an individual action against directors of the corporation based on allegations that treasury stock had been issued to directors at an inappropriate price and without affording the plaintiff the right to purchase his proportionate part of the shares]).

### THE NINTH CAUSE OF ACTION

The plaintiff's ninth cause of action alleges that Dolin, Krell, and Lasky (attorney for the Telcoa companies) wrongfully exercised dominion and control over his share of the proceeds arising from the sale of the Telcoa companies' assets to Alarmguard. We note that this cause of action alleges acts separate and apart from the improper sale of the Telcoa companies' assets to Alarmguard, in that the plaintiff claims that after the improper sale was completed, Dolin absconded with the plaintiff's share of the proceeds of the sale. This adequately states a cause of action sounding in conversion, and therefore, the Supreme Court incorrectly dismissed this cause of action (*see, Della Pietra v State of New York,* 125 AD2d 936, *affd* 71 NY2d 792; *Wright v Connor,* 228 AD2d 493).

### THE ELEVENTH CAUSE OF ACTION

In his eleventh cause of action, the plaintiff alleges that the defendant Lasky, attorney for the Telcoa companies, also represented the plaintiff individually, and therefore had "a duty to act responsibly to protect [the plaintiff's] interests." Specifically, he claims that Lasky should have informed him about the impending sale of the Telcoa companies. Although improperly labeled by the plaintiff to be a cause of action sounding in legal malpractice, these allegations adequately state a cause of action against Lasky sounding in breach of fiduciary duty (*see, Manes v Manes,* 277 AD2d 359; *Davis v CCF Capital Corp.,* 277 AD2d 342; *U.S. Ice Cream Corp. v Bizar, supra*).

### THE TWELFTH CAUSE OF ACTION

The Supreme Court dismissed the twelfth cause of action against Dolin, Krell, and Lasky because it found that the plaintiff "has not alleged an actionable underlying tort." As noted above, however, the alleged underlying tort is the breach of fiduciary duty. Thus, this cause of action should be reinstated (*see, Franco v English,* 210 AD2d 630, 632-633).

Accordingly, the order is reversed insofar as appealed from, on the law, with costs, those branches of the respondents' motion which were to dismiss the fourth, fifth, sixth, ninth,

eleventh, and twelfth causes of action are denied, those causes of action are reinstated, the proceeding is converted back to an action, *inter alia,* for common-law dissolution and to recover damages for breach of fiduciary duty, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

BRACKEN, P. J., LUCIANO and SMITH, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the respondents' motion which were to dismiss the fourth, fifth, sixth, ninth, eleventh, and twelfth causes of action are denied, those causes of action are reinstated, the proceeding is converted back to an action, inter alia, for common-law dissolution and to recover damages for breach of fiduciary duty, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.